# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| MICHAEL BENTLEY, ROBERT DEGNER, TERRY DRISCOLL, CHERYL ERVIN, KENNETH HICKEY, LEAH SCALA ISRAEL, SARAH JOHNSON, SAM LEE, PATRICK ROMANO, AND CARLOS STOCCO, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br>  v.<br><br>LG ELECTRONICS U.S.A., INC.<br><br>    Defendant. | Case No. 2:19-cv-13554-MCA-MAH<br><br>[~~PROPOSED~~] STIPULATED ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION |

## I.   PURPOSE

This Order will govern discovery of electronically stored information ("ESI") in this case as a supplement to the Federal Rules of Civil Procedure, this Court's Local Rules, this Court's Standing Order on Discovery Disputes, and any other applicable orders and rules.  Nothing in this order is intended to alter or affect any party's rights or obligations under any order by the assigned District Judge, but shall be construed instead, wherever possible, as consistent with any order by the assigned District Judge.

1

## II.    COOPERATION

The parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter consistent with this Court's Standing Order on Discovery Disputes, the Federal Rules of Civil Procedure, and the Local Rules of this Court.

## III.    COORDINATION OF DISCOVERY

The parties have agreed to coordinate discovery in this matter with discovery in *Sosenko, et al. v. LG Electronics U.S.A., Inc.*, No. 8:19-cv-00610-JLS (ADSx), pending in the United States District Court for the Central District of California ("the *Sosenko* action").  The parties have entered into an ESI Protocol in the *Sosenko* action that contains provisions that are nearly identical to the provisions of this ESI Protocol.  Given the efforts to coordinate discovery, the parties agree that, to the extent possible, documents should only be produced once.  For documents that have been previously produced in the *Sosenko* action, the parties agree to deem such documents as having been produced in this action.  LG will provide an image overlay of previously produced documents with a confidentiality branding that reflects the Protective Orders in both cases.  LG will maintain the Bates prefix "LGE" on all documents, and the parties agree that the "LGE" Bates prefix will refer to both this action and the *Sosenko* action, both retroactively and moving

2

forward, without the need for separate Bates numbering.  Documents produced henceforth will be deemed produced in both this action and *Sosenko*.

## IV.   ESI PERSON(S) MOST KNOWLEDGEABLE

The parties have identified ESI Person(s) Most Knowledgeable ("ESI PMK") to each other who are and will be knowledgeable about and responsible for discussing their respective ESI.  Each ESI PMK will be, or have access to those who are, knowledgeable about the technical aspects of e-discovery, including the location, nature, accessibility, format, collection, search methodologies, and production of ESI in this matter.  The parties will rely on the ESI PMK, as needed, to confer about ESI and to help resolve disputes without court intervention.

## V.   PRESERVATION

The parties have discussed their preservation obligations and needs and agree that preservation of potentially relevant ESI will be reasonable and proportionate. To reduce the costs and burdens of preservation and to ensure proper ESI is preserved, the parties agree that:

A.   The parties have discussed in the *Sosenko* action the types of ESI they believe should be preserved and the custodians, or general job titles or descriptions of custodians, for whom they believe ESI should be preserved, and the agreements reached in *Sosenko* shall apply in this

3

action. .  The parties shall add or remove custodians as reasonably necessary;

B.    The parties have discussed in the *Sosenko* action LG's custodians and related data sources for whom ESI will be preserved, and any agreements reached in *Sosenko* shall apply in this Action.  LG reserves its right to discuss with Plaintiffs their custodians and related data sources for whom ESI will be preserved and reach agreement accordingly.

C.    Consistent with the proportionality standard set forth in Rule 26(b)(2)(C), Defendant represents that the following categories of ESI are not reasonably accessible because of undue burden or cost ESI from these sources will be preserved but not searched, reviewed, or produced:

    a.  Legacy servers or systems;

    b.  ESI deleted in the normal course of business before the time a preservation obligations in this action came into effect;

    c.  On-line access data such as, without limitation, temporary internet files, history files, cache files, and cookies;

    d.  Voicemail, including Telephone or VOIP voice messages, for non-customer service divisions and employees;

4

e.  Server, system, network, or software application logs;

f.  Data remaining from systems no longer in use that are unintelligible on the systems currently in use;

g.  Structural files not material to individual file contents (e.g., .CCS, .XSL, .XML, .DTD, etc.); and

**D.**  Disaster-recovery backup data:  No party shall be required to modify or suspend procedures, including rotation of backup media, used in the normal course of business to back up data and systems for disaster recovery purposes.  Absent a showing of good cause, such backup media will be considered not reasonably accessible.  Nothing in this provision obviates a party's duty to implement a litigation hold.

## VI.  SEARCH

The parties agree that in responding to an initial Fed. R. Civ. P. 34 request, or earlier if appropriate, they have met and conferred in the *Sosenko* action about methods to search ESI to identify ESI that is subject to production in discovery and filter out ESI that is not subject to discovery, and the parties agree that the agreements reached in *Sosenko* apply to this action.

## VII.  PRODUCTION FORMATS

The parties agree to produce documents in accordance with the Protocol Governing the Production of Electronically Stored Information Attached as Exhibit

A. If particular documents warrant a different format, the parties will cooperate to arrange for the mutually acceptable production of such documents. The parties agree not to degrade the searchability of documents as part of the document production process.

## VIII.   PRIORITIZED PRODUCTION

When a party propounds discovery requests pursuant to Fed. R. Civ. P. 34, the parties agree to meet and confer concerning the prioritization of production of documents and records from sources most likely to contain relevant and discoverable information. Following the initial production, the parties will continue to meet and confer concerning prioritizing the order of subsequent productions.

## IX.   DOCUMENTS PROTECTED FROM DISCOVERY

A.   Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-protected document, whether inadvertent, through a privilege log, or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. Nothing in this paragraph shall require a Party to produce ESI protected from disclosure. This paragraph shall be interpreted to provide the greatest protection allowed by Fed. R. Evid. 502, or otherwise permitted by law.

6

B.   The parties have agreed upon a process pursuant to Fed. R. Civ. P. 26(b)(5) and reserve rights to assert privilege as follows:

    a.   If a producing party has a good faith belief that privileged or otherwise protected or confidential data has been inadvertently produced, it shall promptly notify the requesting parties of the claim of privilege, protection, or confidentiality;

    b.   Upon receipt of any notice claiming privilege, protection or confidentiality with respect to a produced document, all other parties (regardless of whether they agree with the producing party's claim of privilege, protection or confidentiality) shall promptly:

        i.   Use reasonable efforts to destroy or sequester all copies of the inadvertently produced data or material in such party's possession, custody, or control, and notify the producing party that they have done so; and

        ii.   Notify the producing party that they have taken reasonable steps to retrieve and destroy or sequester the inadvertently produced data or material from other persons, if any, to whom such documents or material have been provided, consistent with Rule 26(b)(5);

7

    c. To the extent a requesting party disputes the producing party's claim of privilege, protection, or confidentiality, the receiving party shall notify the producing party of its position within 14 days of receiving the producing party's notice. Within 14 days of receiving notification of the dispute, the parties shall meet and confer in an effort to resolve their disagreement. If the parties are unable to resolve their disagreement, the parties may submit the issue to the Court for a determination and may submit any document(s) in dispute under seal in compliance with Rule 26(b)(5)(B).

C.    Communications to or from trial counsel and that post-date the filing of the complaint need not be placed on a privilege log.

## X.   OBJECTIONS TO ESI PRODUCTION

If any formatting requirements or other specifications agreed to in this Protocol are later determined by the Producing Party to be unduly burdensome, unreasonably costly, or not otherwise feasible, the Parties will promptly meet and confer in order to attempt to agree upon appropriate modifications to the protocol before presenting any such issue to the Court.

## XI.   AUTHENTICITY AND ADMISSIBILITY

Nothing in this Protocol shall be construed to affect the authenticity or admissibility of any document or data.  All objections to the authenticity and admissibility of any document or data are preserved and may be asserted at any time.

## XII.   OTHER

A.  Any Party serving a subpoena duces tecum on a third party will take reasonable steps to instruct the third party subpoena recipient to produce electronic documents in a reasonably useable format, similar to the format set forth herein.  The Party that served the subpoena duces tecum will produce any ESI, documents, or information obtained under the subpoena from the third party, and nothing other than the ESI, documents, or information obtained from the third party, to all other Parties in this action in the same format in which it is received from the third party, including load files.

B.  No Producing Party has any obligation to incur expenses in conducting additional processing of ESI received in response to a subpoena prior to producing such ESI to other Parties to the lawsuit.

C.  Except as specifically set forth herein, nothing in this Protocol shall alter the parties' respective responsibilities to otherwise comply with the applicable

Federal Rules of Civil Procedure and any applicable Local Rules regarding the collection or production of ESI.

## XIII.   MODIFICATION

This Stipulated Order may be modified by a Stipulated Order of the parties or by the Court for good cause shown.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated:  February 14, 2019                   Respectfully submitted,

By: */s/ Benjamin F. Johns*

Benjamin F. Johns (NJ Bar No. 03818-2005)
**CHIMICLES SCHWARTZ KRINER
& DONALDSON-SMITH LLP**
One Haverford Centre
361 Lancaster Avenue
Haverford, PA 19041
Telephone: (610) 642-8500
bfj@chimicles.com

Daniel C. Girard (*pro hac vice*)
Jordan Elias (*pro hac vice*)
Adam E. Polk (*pro hac vice*)
Simon S. Grille (*pro hac vice*)
**GIRARD SHARP LLP**
601 California Street, 14th Floor
San Francisco, California 94108
Tel: (415) 981-4800
dgirard@girardsharp.com
jelias@girardsharp.com
apolk@girardsharp.com
sgrille@girardsharp.com

Shanon J. Carson (*pro hac vice*)
Lawrence Deutsch (NJ Bar No.
034971986)
Jacob M. Polakoff (NJ Bar No.
035832006)
Amey J. Park (NJ Bar No. 070422014)
**BERGER MONTAGUE PC**
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel.: (215) 875-3000
Fax: (215) 875-4604
scarson@bm.net
ldeutsch@bm.net
jpolakoff@bm.net
apark@bm.net

E. Michelle Drake (pro hac vice motion
forthcoming)
**BERGER MONTAGUE PC**
43 SE Main Street, Suite 505
Minneapolis, MN 55414
Tel.: (612) 594-5999
Fax: (612) 584-4470
emdrake@bm.net

*Attorneys for Plaintiffs*

Dated:  February 14, 2020

/s/ *Phoebe Wilkinson*
Mallik Yamusah (N.J. ID No. 213972019)
Phoebe Wilkinson (Admitted *Pro Hac
Vice*)
**HOGAN LOVELLS US LLP**
390 Madison Avenue
New York, NY 10022
mallik.yamusah@hoganlovells.com
phoebe.wilkinson@hoganlovells.com

11

Michael M. Maddigan (Admitted *Pro Hac Vice*)
Vassi Iliadis (Admitted *Pro Hac Vice*)
**HOGAN LOVELLS US LLP**
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
michael.maddigan@hoganlovells.com
vassi.iliadis@hoganlovells.com

*Attorneys for Defendant LG Electronics USA, Inc.*

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

Dated: ___2/28/2020___

HONORABLE MICHAEL A. HAMMER
United States Magistrate Judge

12

## EXHIBIT A

## PROTOCOL GOVERNING THE PRODUCTION OF ELECTRONICALLY STORED INFORMATION (ESI)

### 1.    Production of Information

ESI is to be produced in 300 DPI Group IV Monochrome Tagged Image File Format (.TIFF or .TIF) files. .TIFF files shall be produced in single-page format along with image load files (.OPT file). All documents are to be provided with multi-page searchable text (.TXT) files, provided that, the Parties have no obligation to make non-text-searchable documents text-searchable (by OCR scanning, for example). These text files and image load files should indicate page breaks to the extent possible.

During the process of converting ESI from the electronic format of the application in which the ESI is normally created, viewed, or modified to .TIFF, Metadata values should be extracted and produced in a Load File ("Metadata Load File"). Each document production shall be accompanied by two Load Files: an image Load File and a Metadata Load File. Those Load Files shall be produced in Concordance format (.DAT file using Concordance standard delimiters for the Metadata Load Files, and .OPT file using Concordance standard fields for the image Load Files). The image Load File shall provide image and document break information for the .TIFF files produced that correspond to the beginning control

13

number contained in the Metadata Load File. Each .TIFF file in each production must be referenced in the production's corresponding image Load File. The total number of .TIFF files referenced in a production's image Load File should match the number of .TIFF files in the production.

All ESI shall be processed with a single time zone and a date and time setting that is consistent across each party's productions. The time zone used for a production shall be the Pacific Time Zone. The Parties understand and acknowledge that such standardization affects only dynamic fields and metadata values and does not affect, among other things, dates and times that are hardcoded text within a file. Dates and times that are hard-coded text within a file (for example, in an email thread, dates and times of earlier messages that were converted to body text when subsequently replied to or forwarded; and in any file type, dates and times that are typed as such by users) will be produced as part of the document text.

All TIFF images shall display tracked changes, comments, and other rich data as displayed in the document, regardless of the display setting for this information as last saved by the custodian.

To the extent they are available, except for redacted documents/families, the Metadata values that are to be extracted and produced in the Metadata Load Files (.DAT file using Concordance standard delimiters and IDX file) are set forth

below. The parties are not obligated to populate manually any of the fields below if such fields cannot be extracted from a document, with the exception of the following: (a) BegBates, (b) EndBates, (c) BegAttach, (d) EndAttach, (e) Custodian, (f) Confidentiality, (g) Redaction, (h) Native File, and (i) ProdVolume.

## 2.    Load File Fields

- BegBates: Beginning control number.

- EndBates: Ending control number.

- BegAttach: Beginning control number of the first document in a document family range. Documents that are part of document families, i.e., containing parents or attachments should receive a value.

- EndAttach: Ending control number of the last document in a document family range.

- PgCount: Page count.

- Custodian: Name of the custodian of the document produced.

- CustodianAll: Names of all custodians of any documents that were not produced because they are MD5 or SHA-1 duplicates of the produced version of the given document.

- Title: Filename or email subject.

- NativeLink: Path and filename to produced native file, if applicable.

- NativeFile: "Yes," for documents produced in Native Format;

otherwise, blank.

- Author: Author field extracted from the Metadata of a non-email document.

- From: From field extracted from an email message.

- To: To or recipient field extracted from an email message.

- Cc: CC or carbon copy field extracted from an email message.

- Bcc: BCC or blind carbon copy field extracted from an email message.

- DateRcvd: Received date of an email message.

- TimeRcvd: Received time of an email message.

- DateSent: Sent date of an email message.

- TimeSent: Sent time of an email message.

- DateCreated: Date that a file was created.

- DateLastModified: Last modification date.

- TimeZone: Time zone used for displaying dates and times on the associated TIFF Image.

- FileType: File type description of the file (Excel, Word, PowerPoint, etc.).

- Hash: MD5 or SHA-1 hash of the document

- ProdVolume: Identifies production media deliverable.

- ExtractedText: File path to extracted text/OCR File.

- Confidentiality: "Confidential," or "Highly Confidential – Attorneys' Eyes Only," if a document has been so designated under a protective order; otherwise, blank.

- Redaction: Y/N indication of whether a document includes a redaction.

- ConversationIndex: Value that indicates the relative position of a message within a conversation thread.

### 3.   Images

- Black and White. Paper documents or ESI items that a Producing Party has converted to color for its review must be produced in color. For all other paper documents or ESI items containing color, a Producing Party need not initially produce such items in color. However, if an original document or ESI item contains color text, markings or graphics, and it is necessary to see those items in their original color to understand the full meaning or content of the document, then the Receiving Party may, in good faith, request that the document or ESI item be produced in color format. The Producing Party will not unreasonably deny such a request.

- File Naming Convention: Match control number of the page.

- Insert placeholder image for files produced in Native Format.

- Original document orientation shall be retained.

17

### 4.    Full-Text Extraction/OCR

- Produce full extracted text for all file types (redacted text will not be produced) including text of embedded content.

- Produce OCR text for any paper document.

- Produce OCR text for any ESI where the source format was an image file (such as JPG, JPEG, GIF, BMP, PCX, PNG, TIF, TIFF etc.) where the extracted text cannot be provided, using industry standard OCR technology (redacted text will not be produced).

- Production format: Single text file for each document, not one text file per page.

- File Naming Convention: Match BegBates Number.

### 5.    Production of Native Files.

Spreadsheets (e.g., MS Excel, MS Access), delimited text files (e.g. comma-separated value (.csv) files and tab-separated value (.tsv) files), and animation files (if any) shall be produced in their native file format. Any native files that are produced shall be produced with a link in the NativeLink field, along with extracted text and applicable metadata fields set forth above. A TIFF placeholder indicating that the document was provided in native format should accompany the database record. To the extent such material contains information subject to a claim of privilege, it shall be produced in the form of a redacted .TIFF image and with OCR of the un-redacted portion of the

18

image. Each party reserves the right to make reasonable requests for the production of ESI in native format for any ESI that is not sufficiently legible in the TIFF format specified in this Exhibit A, and such requests will not be unreasonably denied.

If a document has information from another file embedded in it (e.g., a Word Document that has a spreadsheet embedded in it), the producing party shall produce the document with all embedded information, and the receiving party may request that the embedded file be produced as a standalone file if the embedded information is reasonably necessary to have and the embedded information is reasonably available.

**6.      Production of Audio and Video Files.** Audio and video files are to be produced in the native audio or video file format in which they were maintained in the ordinary course of business. Produced native audio and video files should be accompanied by a reference file containing the name of the MD5 hash value for each produced file. If the audio files are maintained in any format other than .wav or MP3 format, the parties will cooperate to arrange for the mutually acceptable production of such files.

**7.      Password Protected Files.** The parties will endeavor to process any otherwise discoverable encrypted or password-protected documents for review and production under the requirements of this Stipulated Order and this Exhibit A, so

that the decrypted document will be produced. Each party may request production of such encrypted files, and such requests will not be unreasonably denied.

8.    **Paper Documents.** In scanning paper documents, each page of paper should be output to a single page TIFF file as set forth in Paragraph 1. Distinct, logical breaks should be defined as such in a standard Opticon Load File as described in this Exhibit A. The parties will make their best efforts to unitize the documents correctly. For all hardcopy documents produced in TIFF format, the following fields, if available, shall be provided in the Metadata load file: (a) BegBates, (b) EndBates, (c) BegAttach, (d) EndAttach, (e) PageCount, (f) Custodian, (g) Confidentiality, and (h) Redaction.

9.    **Bates Numbering.** All images must be assigned a unique Bates number that is sequential within a given document and across the production sets. Bates numbers should be electronically branded on each produced TIFF image. Bates numbers should consist of consecutive characters or connectors without spaces.  For both this action and the *Sosenko* action, LG is using and will continue to use the Bates prefix of "LGE."  All documents bearing the Bates prefix of "LGE" shall be deemed produced in both this action and the *Sosenko* action.

10.    **Confidentiality Designation.** Responsive documents in TIFF format will be stamped with the appropriate confidentiality designations in accordance with the Protective Order in this matter and the *Sosenko* action. Each responsive

document produced in native format will have its confidentiality designation identified in the filename of the native file.

**11.   Production Media.** Documents shall be produced on external hard drives, flash drives, CDs, DVDs, secure FTP, or other mutually agreeable media ("Production Media"). The parties shall agree to the most cost-effective and expeditious manner of transfer. Each piece of Production Media shall include a unique identifying label or cover letter identifying the producing party, the date of the production, and the Bates Number range of the materials contained on the Production Media. To the extent that the Production Media includes any confidential information, the label or cover letter for such Production Media shall indicate that the Production Media includes information so designated. Production Media shall include text referencing the case name and number. Any replacement Production Media shall cross-reference the original Production Media, clearly identify that it is a replacement, and cross-reference the Bates Number range that is being replaced. All Production Media may be encrypted, with the producing party to provide a decryption key at the time of production.

**12.   De-Duplication.** Each party is required to produce only a single copy of a responsive document and each party may de-duplicate responsive ESI (based on MD5, SHA-1, or SHA-256 hash values at the parent level) across custodians or sources. To the extent that de-duplication through MD5, SHA-1, or SHA-256 hash

values is not possible, the parties shall meet and confer to discuss any other proposed method of de-deduplication.