# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL BENTLEY, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>LG ELECTRONICS U.S.A., INC.<br><br>Defendant. | Case No. 2:19-cv-13554-MCA-MAH (consolidated with Case Nos. 2:19-cv-15185-MCA-MAH, 2:19-cv-15826-MCA-MAH, and 2:20-cv-07652-MCA-MAH)<br><br>**SETTLEMENT AGREEMENT** |

## SETTLEMENT AGREEMENT

Plaintiffs in the above-captioned actions, *Bentley, et al. v. LG Electronics U.S.A., Inc.*, No. 19-cv-13554 (D.N.J.), and *Sosenko, et al. v. LG Electronics U.S.A., Inc.*, No. 19-cv-00610 (C.D. Cal.) (collectively, the "**Litigation**"), and Defendant LG Electronics U.S.A., Inc. ("**LG**" or "**Defendant**") (together with Plaintiffs, the "**Parties**"), stipulate and agree, pursuant to the terms and conditions set forth in this Settlement Agreement (the "**Settlement Agreement**," "**Settlement**," or "**Agreement**"), to settle, dismiss, and compromise the claims asserted against LG in the Litigation as set forth herein.

WHEREAS, Plaintiffs have asserted claims in the Litigation seeking to recover damages, as well as injunctive, declaratory, and other equitable relief, individually and on behalf of a proposed California class in the *Sosenko* action and a proposed nationwide class in the *Bentley* action, as a result of their purchase of LG Refrigerators (defined below) that Plaintiffs claim are defective;

WHEREAS, LG has responded that the LG Refrigerators are not defective;

WHEREAS, the Parties engaged in substantial discovery in the Litigation concerning the LG Refrigerators, including, without limitation:

      a.      Discovery and production of over 28,000 pages of documents;

      b.      Issuance of twenty (20) subpoenas to non-parties;

      c.      Depositions of LG's Rule 30(b)(6) designee and a former LG employee who testified about LG's customer service procedures; and

      d.      Substantial work with four (4) expert witnesses retained by Plaintiffs that included:

      1.      Review and analysis of sales, service, and pricing data for LG Refrigerators during the class period;

      2.      Research and testing to prepare a class-wide damages analysis;

      3.      Disassembly, examination, and testing of LG Refrigerators and linear compressor components;

      e.      Additional discovery and investigation, including research into the operation of the LG Refrigerators and their component parts, consumer interviews concerning their experiences with the LG Refrigerators, and interviews of repair technicians concerning LG Refrigerator service visits.

WHEREAS, Plaintiffs and Class Counsel have conducted a thorough investigation of the facts and law relating to the matters alleged in the Litigation and retained expert witnesses and consultants who have analyzed facts and evidence relating to Plaintiffs' claims and contentions;

WHEREAS, without conceding that any of their claims lack merit, Plaintiffs and Class Counsel have concluded that it is in the best interests of the Settlement Class to settle the

Litigation on the terms set forth herein, and that the Settlement with LG set forth in this Agreement is fair, reasonable, adequate, and is in the best interests of Plaintiffs and the Settlement Class;

WHEREAS, LG has denied and continues to deny vigorously the claims and conduct alleged by Plaintiffs, and any fault, wrongdoing, illegal conduct, or liability whatsoever on its part, and specifically denies any alleged defect in the LG Refrigerators, and further has asserted numerous factual and legal defenses to the facts and causes of action alleged in the Litigation;

WHEREAS, this Settlement is not, shall not be construed as, and shall not be deemed to be evidence of an admission by LG of any fault, wrongdoing, or liability whatsoever, of any defect in the LG Refrigerators, or that any of Plaintiffs' allegations in the Litigation are true;

WHEREAS, without conceding any lack of merit in its defenses, LG considers it desirable to enter into this Agreement to avoid further expense, to dispose of burdensome and protracted litigation, and to avoid the uncertain outcome of proceeding in this Litigation;

WHEREAS, the Parties engaged in extensive, difficult, complex, and arm's-length negotiations regarding the settlement of Plaintiffs' and the Settlement Class Members' claims regarding the LG Refrigerators over the course of nine (9) months;

WHEREAS, the Settlement was finally achieved after in-person mediation sessions overseen by Hon. Jay Gandhi (Ret.) of JAMS, and after numerous additional in-person and telephonic meetings among counsel for the Parties (often with LG representatives in attendance), over the course of the next nine months;

WHEREAS, Plaintiffs and LG agree that this Settlement Agreement is not and shall not be deemed or construed to be, an admission, concession, or evidence of any violation of any

federal, state, or local statute, regulation, rule, or other law, or principle of common law or equity, or of any liability or wrongdoing whatsoever, by LG or of the validity of any of Plaintiffs' claims against it;

WHEREAS, the Parties desire and intend by this Agreement to settle finally and completely, and effectuate a final resolution of the Released Claims of all Settlement Class Members, and to provide for a complete, full, and final release of the Released Claims in favor of the Released Parties, as described below in detail;

NOW, THEREFORE, it is hereby agreed and stipulated by and among Plaintiffs, individually and on behalf of the Settlement Class, and LG, through its undersigned counsel, and intending to be legally bound, that the claims and allegations asserted in the Litigation shall be settled, fully and finally compromised and released, and dismissed on their merits with prejudice, according to the terms and conditions set forth herein.

## A.   **DEFINITIONS**

1.   As used in this Settlement Agreement, the following terms have the meanings set forth below.

a.   The term "**Alternative Payment**" means a payment including any or all of the following: (i) an Unsuccessful Repair Payment; (ii) a Delayed Repair Payment; (iii) a Repair Reimbursement Payment; or (iv) a Property Loss Payment, OR, instead of any of the foregoing categories of payment other than a Property Loss Payment, an Alternative Payment may consist of (v) a Replacement Reimbursement Payment.

b.   The term "**Alternative Payment Claimant**" means a Claimant who elects to submit a Claim for an Alternative Payment.

4

c.      The term "**Attorneys' Fee, Cost, and Service Award**" means any and all attorneys' fees, costs, and expenses, and any service awards to Plaintiffs, awarded by the Court.

d.      The term "**Authorized Repair Service Provider**" means a third-party repair service provider, including a retailer or a dealer, who is authorized by LG to repair LG products but is not under direct supervision of LG. LG will make available a listing or weblink identifying Authorized Repair Service Providers.

e.      The term "**Claim**" means a claim made by a Claimant via the submission of a Claim Form to the Settlement Administrator pursuant to this Settlement Agreement.

f.      The term "**Claimant**" means a Settlement Class Member who submits a Claim Form seeking a payment under this Settlement Agreement.

g.      The term "**Claim Form**" means the form approved by the Court for use by Claimants to submit Claims pursuant to this Settlement Agreement, which is to be substantially in the form of Exhibit 1 hereto, and which shall be signed under oath by the Claimant.

h.      The term "**Claim Period**" means the time period from the Notice Date to until 130 days after entry of Preliminary Approval Order subject to the Settlement Administrator's exercise of reasonable discretion to accept valid late Claim Forms prior to the date of entry of Final Approval Order and Judgment.

i.      The term "**Class Counsel**" means all attorneys of record for Plaintiffs in *Bentley, et al. v. LG Electronics U.S.A., Inc.*, No. 19-cv-13554 (D.N.J.), and *Sosenko, et al. v. LG Electronics U.S.A., Inc.*, No. 19-cv-00610 (C.D. Cal.).

j.      The term "**Class Representatives**" means the named Plaintiffs in the Litigation.

k.     The term "**Co-Lead Class Counsel**" means Daniel C. Girard of Girard Sharp LLP and Shanon J. Carson of Berger Montague PC.

l.     The term "**Counsel for LG**" means Michael M. Maddigan and Phoebe A. Wilkinson of Hogan Lovells LLP.

m.     The term "**Court**" means the United States District Court for the District of New Jersey.

n.     The terms "**Covered Models**" and "**LG Refrigerators**" refer to the models of refrigerators manufactured by LG as listed in Exhibit 5 hereto, with each such model individually being a "Covered Model" and "LG Refrigerator."

o.     The term "**days**" means calendar days and not court or business days.

p.     The term "**Default Payment**" means a payment of up to $450, upon the Claimant verifying their Purchase Information with respect to an LG Refrigerator, and comprising any or all of the following cash payments per Covered Model based on a signed Claim Form: (i) a $50 flat payment for attesting to one or more unsuccessful repairs; (ii) a $50 flat payment for attesting to repairs that were delayed by ten (10) or more days; (iii) a $100 flat payment per unit for attesting to out-of-pocket Labor Costs related to repairs; and/or (iv) up to $250 for attesting to Property Loss. A Claimant's election to submit a Claim for a Default Payment for one or more of the foregoing categories of loss will preclude that Claimant's recovery of an Alternative Payment for the corresponding category or categories; provided, however, that an Eligible Claimant may receive a Default Payment for one or more of the foregoing categories of loss and an Alternative Payment, upon submission of additional proof, for one or more different categories of loss.

q.     The term "**Delayed Repair Payment**" means a payment to an Alternative Payment Claimant who experienced delayed repairs from LG or its Authorized Repair Service Provider following a No-Cooling Event that occurred within five (5) years after the date of the Claimant's purchase of the LG Refrigerator at issue, as reflected in LG's records or as Reasonably Documented by the Claimant. Only Claimants who experienced a delay of at least ten (10) days (with the initial call receipt date and service date excluded from the count) between reporting a No-Cooling Event and receiving a repair are entitled to a Delayed Repair Payment. The Delayed Repair Payment shall be calculated as follows: if the repairs were delayed by ten days (with the initial call receipt date and service date excluded from the count), start at $120, and then increase by $20 per day (until but not including the service date) up to 30 days; and by $25 per day for each day thereafter (until but not including the service date) up to a maximum amount of $1,000; provided, however, that any delay attributable to a Non-LG cause, upon verification, shall be excluded from this calculation. A Claimant who experienced delayed repairs from a non-authorized service provider, rather than from LG or one of its Authorized Repair Service Providers, may also submit a Claim seeking a Delayed Repair Payment. With respect to such Claims, the Settlement Administrator will pay the Delayed Repair Payment if the Claimant acted reasonably under the Claimant's circumstances in seeking repairs from a non-authorized provider (*e.g.*, a lack of availability of an LG or Authorized Repair Service Provider within a 50 mile radius or a statement that an Authorized Repair Service Provider was not reasonably available, subject to cross-check with LG's records). If the Claim does not qualify for payment the Claimant will receive the $50 Default Payment for Delayed Repair.

r.      The term "**DMST**" means a Directly-Managed Mobile Service Technician under the supervision of LG.

s.      The term "**Effective Date**" means: (i) the expiration date of the time period for filing a notice of any appeal from the Final Approval Order and Judgment if no appeal is filed; or (ii) if such an appeal is filed, the latest of (A) the date of final affirmance of that Final Approval Order and Judgment; (B) the expiration of the time for a petition for writ of certiorari to review the Final Approval Order and Judgment if affirmed, the denial of certiorari, or, if certiorari is granted, the date of final affirmance of the Final Approval Order and Judgment following review pursuant to that grant; or (C) the date of final dismissal of any appeal from the Final Approval Order and Judgment or the final dismissal of any proceeding on certiorari to review the Final Approval Order and Judgment that has the effect of confirming the Final Approval Order and Judgment. For avoidance of doubt, the Effective Date shall not have been reached until the Court enters a Final Approval Order and Judgment and all appeal periods have been successfully exhausted without appeal or any appeal or certiorari proceedings have been resolved in a manner upholding the Final Approval Order and Judgment. Additionally, for purposes of this provision, the period for filing any appeal expires if there is no potential appellant with standing to appeal or if all potential appellants with standing to appeal expressly waive in writing the right to appeal.

t.      The term "**Eligible Claimant**" means a Claimant who has submitted a valid Claim Form as determined by the Settlement Administrator, subject to all rights of the Parties under the Settlement Agreement. Plaintiffs may file Claims as Eligible Claimants. For administration of Claims of Eligible Claimants who have previously received payments from

LG, or LG's retailers or its insurers, for the same purported events or alleged harm for which the Eligible Claimants seeks to recover through their Claim Form, the Settlement Administrator shall subtract such previous payments from the total payments to be paid to such Eligible Claimant under this Agreement.

      u.     The term "**Enhanced Customer Care**" includes the following measures to be implemented by LG no later than the Effective Date, and to exist for a period of at least three (3) years and to be effective during the extended warranty period for any Settlement Class Member. Specifically, LG shall institute additional warranty service enhancements including at least the following:

- creating and maintaining a dedicated customer care team to address No-Cooling Events experienced by Settlement Class Members on a timely and expedited basis, with live operator support during regular business hours, sufficient to handle call volume without unreasonable delay;

- increasing the number of LG's DMST's (which has more than doubled since 2019), and using commercially reasonable best efforts to maintain an adequate service network, expand its nationwide coverage, and ensure that LG meets or exceeds industry standards for responding to requests for warranty service;

- creating and maintaining a new program designed to provide incentives for faster repair service without sacrificing quality of repair, including a commitment that LG will undertake commercially reasonable best efforts to ensure that a DMST or an Authorized Repair Service Provider, as available, arrives at a Settlement Class Member's home as quickly as is practicable, within seven (7) days of receiving the Settlement Class Member's initial request for service, and with all necessary parts on hand;

- developing a new mobile service application for the use of service technicians, including both DMST and Authorized Repair Service Providers, to improve accuracy in the diagnosis of problems with LG Refrigerators;

- investing in efforts to develop and upgrade parts and software to improve the cooling performance of LG Refrigerators;

- implementing a proactive consumer outreach program to follow up on U.S. consumers' satisfaction level regarding LG Refrigerators and service performed on them; and

- enhancing LG Customer Care to provide Settlement Class Members that experience multiple No-Cooling Events during the warranty period as extended by the Settlement Agreement, payments as set forth in the schedule attached as Exhibit 3, subject to LG's verification that the cause was not the result of a Non-LG Cause. Settlement Class Members who experience multiple No-Cooling Events will be notified for their eligibility for such payments and the amounts of the payments and shall be provided with a form for submitting claims for such payments as set forth in Section C.6. below.

v.      The term "**Enhanced Warranty Claim**" means a claim made by a Settlement Class Member for monetary relief under the Enhanced Customer Care Program either directly to LG or via the submission of an Enhanced Warranty Claim Form pursuant to this Settlement Agreement.

w.      The term "**Enhanced Warranty Claim Form**" means the form that Settlement Class Members may for convenience use, but are not required to use, to submit claims to LG for monetary relief under the Enhanced Customer Care Program pursuant to this Settlement Agreement, which is to be substantially in the form of Exhibit 4 hereto.

x.      The term "**Final Approval Hearing**" means the hearing conducted by the Court to determine whether to approve this Settlement and to determine the fairness, adequacy, and reasonableness of this Settlement.

y.      The term "**Final Approval Order and Judgment**" means the Final Approval Order and Judgment of the Court approving the Settlement and entering judgment with prejudice, in a form substantially similar to Exhibit 7 hereto.

10

z.       The term "**Labor Costs**" includes, without limitation, fees charged by a repair technician for labor, diagnosis, or dispatch in connection with a No-Cooling Event.

aa.      The term "**LG**" means LG Electronics U.S.A., Inc. and its predecessors, parent and sister companies, successors, subsidiaries, affiliates, agents, insurers, and assigns.

bb.      The term "**Litigation**" means *Bentley, et al. v. LG Electronics U.S.A., Inc.*, No. 19-cv-13554 (D.N.J.), and *Sosenko, et al. v. LG Electronics U.S.A., Inc.*, No. 19-cv-00610 (C.D. Cal.).

cc.      The term "**No-Cooling Event**" means an event during which an LG Refrigerator failed to maintain temperature levels necessary to preserve food, beverages, medicine, or other perishables.

dd.      The term "**Non-LG Cause**" means a cause of a No-Cooling Event that is not attributable to LG because of consumer misuse, installation failure, or another cause unrelated to product attributes; or a cause of delayed service attributable to the Settlement Class Member (for example, if the Settlement Class Member cancels a scheduled repair), or to force majeure events (for example, if a state or local government issues an order that prohibits a service company from providing in-home service in response to COVID-19 or another emergency).

ee.      The term "**Notice of Settlement**" means the long-form Notice of Class Action Settlement substantially in the form attached as Exhibit 2(a) hereto, and the short-form Notice of Class Action Settlement substantially in the form attached as Exhibit 2(b) hereto, subject to the approval of the Court in its Preliminary Approval Order.

ff.      The term "**Notice Date**" means the date, no later than twenty (20) days after the Preliminary Approval Order, on which the Settlement Administrator is to have

substantially implemented all forms of notice in accordance with the Notice Plan approved by the Court in the Preliminary Approval Order.

gg.     The term "**Notice Plan**" shall have the meaning ascribed to it in Paragraph 17 of this Agreement.

hh.     The term "**Objection and Opt-Out Deadline**" means the date sixty (60) days after the Notice Date or as otherwise set forth in the Court's Preliminary Approval Order.

ii.     The term "**Parties**" means Plaintiffs and LG.

jj.     The term "**Parts Reimbursement Payment**" means a payment to a Claimant reimbursing the Claimant in full for amounts paid by the Claimant for a repair of any part related to the cooling system of an LG Refrigerator including a compressor, condenser, connection tube, drier, and evaporator) for a No-Cooling Event, in accordance with LG's limited warranty and this Settlement Agreement.

kk.     The term "**Person**" or "**Persons**" means any individual or entity, public or private.

ll.     The term "**Plaintiffs**" means Class Representatives, Terry Driscoll, Cheryl Ervin, Leah Scala Israel, Sarah Johnson, Sam Lee, Patrick Romano, Carlos Stocco, Diane Terry, and Michael Burrage.

mm.     The term "**Preliminary Approval Date**" means the date on which the Court enters the Preliminary Approval Order.

nn.     The term "**Preliminary Approval Order**" means the Order of the Court preliminarily approving the Settlement, in a form substantially similar to Exhibit 6 hereto.

oo.     The term "**Property Loss**" means the value of any property loss or property damage attributable to a No-Cooling Event and includes, without limitation, the value of any spoiled food, beverages, medicine, or other perishables.

pp.     The term "**Property Loss Payment**" means a payment to an Alternative Payment Claimant who experienced Property Loss of up to $3,500 upon submission of reasonable proof or up to $250 per unit for attesting to the Property Loss.

qq.     The term "**Purchase Information**" means a serial number, model number, receipt, and/or other information reasonably needed to confirm the purchase of an LG Refrigerator by a Settlement Class Member.

rr.     The term "**Qualified Claimants**" means Settlement Class Members who are identified by LG's internal records and/or known to LG to have experienced a No-Cooling Event.

ss.     The term "**Replacement Reimbursement Payment**" means a payment of $650 to an Alternative Payment Claimant in lieu of an Unsuccessful Repair Payment, a Delayed Repair Payment, and a Repair Reimbursement Payment. For avoidance of doubt, a Claimant's election to submit a Claim for a Replacement Reimbursement Payment will preclude that Claimant's recovery of any Alternative Payment or any Default Payment; provided, however, that a Claimant for a Replacement Reimbursement Payment shall not be precluded from additionally submitting a Claim for either of: i) a Property Loss Payment as an Alternative Payment; or ii) Default Payment for Property Loss. An Alternative Payment Claimant is entitled to a Replacement Reimbursement Payment: (i) if the Claimant disposed of their LG Refrigerator before the Notice Date; and (ii) upon Reasonably Documented proof of (A) having experienced a failure to service or repair the LG Refrigerator following a No-Cooling Event occurring within

13

five (5) years after the date of the Claimant's purchase of the LG Refrigerator; and (B) the Claimant's subsequent replacement or disposal of the LG Refrigerator.

tt.    The term "**Release**" means the release set forth in Paragraphs 23-28.

uu.    The term "**Released Claims**" means the claims released as set forth in Paragraph 23.

vv.    The term "**Released Parties**" is defined in Paragraph 23.

ww.    The term "**Releasing Parties**" is defined in Paragraph 23.

xx.    The term "**Reasonably Documented**" includes, without limitation, documented based upon receipts or invoices provided by LG or its Authorized Repair Service Provider, or obtained by a Claimant, or based upon photographs, payment card records, inspection records, insurance records, or any other reasonable documentary proof submitted by a Claimant, or in the case of showing a Non-LG Cause, LG.

yy.    The term "**Repair Reimbursement Payment**" means a payment to an Alternative Payment Claimant for unreimbursed out-of-pocket Labor Costs incurred in connection with repairs following a No-Cooling Event that occurred within five (5) years after the date of the Claimant's purchase of the LG Refrigerator at issue, as reflected in LG's records or as Reasonably Documented by the Claimant. Alternative Payment Claimants are entitled to full reimbursement for unreimbursed out-of-pocket Labor Costs paid to DMSTs. For unreimbursed out-of-pocket Labor Costs paid to non-DMST repair technicians, Alternative Payment Claimants are entitled to up to $350 in reimbursement for unreimbursed out-of-pocket Labor Costs. LG will additionally pay up to Three Million, Five Hundred Thousand Dollars ($3,500,000.00) for all Alternative Payment Claimants who paid non-DMST repair technicians' Labor Costs in excess of $350. If the total amount of such Claims is equal to or less than

14

$3,500,000, such Alternative Payment Claimants will be reimbursed in full for all such costs. If the total amount of such Claims exceeds $3,500,000, that sum will be allocated to Alternative Payment Claimants *pro rata* based on the actual amount of their unreimbursed out-of-pocket Labor Costs in excess of $350 paid to non-DMST repair technicians.

zz.     The term "**Settlement Administrator**" means Angeion Group LLC, which shall effectuate and administer the Notice Plan, distribute the Settlement Notice, administer the exclusion process for opt-outs, the Claim process, and the distributions to Eligible Claimants under the supervision of the Parties and the Court, and which firm is independent of the Plaintiffs, Class Counsel, LG, and Counsel for LG. All Settlement Administration Costs invoiced by the Settlement Administrator will be paid by LG within thirty (30) days of receipt of each invoice for such costs.

aaa.     The term "**Settlement Administration Costs**" means the reasonable fees and expenses of the Settlement Administrator incurred in the administration of this Settlement Agreement and approved by the Court, including the reasonable costs associated with the Notice Plan and the Settlement, the administering, calculating, and distributing of payments under the Settlement to Eligible Claimants; other fees, expenses, and costs of Claim administration; and all other reasonable third-party fees, expenses, and costs incurred by the Settlement Administrator or other consultants retained by agreement of the Parties or by authority of the Court to assist with the notice and administration of Claims in this Settlement and in connection with prosecuting, handling, and settling the Litigation, or with administering the terms of this Settlement Agreement.

bbb.     The term "**Settlement Class**" means, for settlement purposes only:

> All Persons in the United States who purchased from an authorized retailer, other than for resale, a Covered Model of LG Refrigerator produced between January 1, 2014 and December 31, 2017.

> Persons who previously executed a release of claims in favor of LG with respect to the Released Claims are excluded from the Settlement Class.

ccc.    The term "**Settlement Class Member**" means a member of the Settlement Class who does not submit a timely or valid Request for Exclusion from the Settlement.

ddd.    The term "**Settlement Notice**" means the notice or notices required by the Notice Plan and approved by the Court for providing notice of this Settlement to the Settlement Class, as set forth in Paragraphs 17 and 19.

eee.    The term "**Settlement Payment**" means a settlement check sent by the Settlement Administrator to an Eligible Claimant.

fff.    The term "**Settlement Website**" means the dedicated Settlement Website to be established by the Settlement Administrator

ggg.    The term "**Unsuccessful Repair Payment**" means a payment to an Alternative Payment Claimant who experienced one or more unsuccessful repairs by LG or its Authorized Repair Service Provider following a No-Cooling Event, as reflected in LG's records or as Reasonably Documented by the Claimant. Such a Claimant who experienced two (2) No-Cooling Events within five (5) years after the date of the Claimant's purchase of the LG

Refrigerator at issue, as reflected in LG's records or as Reasonably Documented by the Claimant, are entitled to an Unsuccessful Repair Payment of $180; provided, however, that if the repair records demonstrate that one of the two aforementioned No-Cooling Events was the result of a Non-LG Cause, the Claimant will be entitled to an Unsuccessful Repair Payment of $90. Such a Claimant who experienced three (3) No-Cooling Events within five (5) years after the date of the Claimant's purchase of the Covered Model at issue, as reflected in LG's records or as Reasonably Documented by the Claimant, are entitled to an Unsuccessful Repair Payment of $500. Such a Claimant who experienced four (4) or more No-Cooling Events within five (5) years after the date of the Claimant's purchase of the Covered Model at issue, as reflected in LG's records or as Reasonably Documented by the Claimant, are entitled to an Unsuccessful Repair Payment of $1,000. A Claimant who experienced unsuccessful repairs from a non-authorized service provider, rather than from LG or one of its Authorized Repair Service Providers, may also submit a Claim seeking an Unsuccessful Repair Payment. With respect to such Claims, the Settlement Administrator will pay the Unsuccessful Repair Payment if the Claimant acted reasonably under the Claimant's circumstances in seeking repairs from a non-authorized provider (*e.g.*, a lack of availability of an LG or Authorized Repair Service Provider within a 50 mile radius or a statement that an Authorized Repair Service Provider was not reasonably available, subject to cross-check with LG's records). If the Claim does not qualify for payment the Claimant will receive the $50 Default Payment for Unsuccessful Repair.

**B.**     **CERTIFICATION OF THE SETTLEMENT CLASS; PRELIMINARY APPROVAL OF THE SETTLEMENT**

2.     **Settlement Class Certification**. The Parties stipulate and agree, for settlement purposes only, that all prerequisites for certification of the Settlement Class pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) are met, and Plaintiffs will seek the Court's certification of the Settlement Class for settlement purposes in their motion for entry of the Final Approval Order and Judgment.

3.     **Appointment of Co-Lead Class Counsel**. Plaintiffs will seek the Court's appointment of Daniel C. Girard of Girard Sharp LLP and Shanon J. Carson of Berger Montague PC as Co-Lead Class Counsel.

4.     **Preliminary Approval**.

a.     Co-Lead Class Counsel shall file in the Court a Motion for Preliminary Approval of Class Action Settlement requesting entry of the Preliminary Approval Order.

b.     The Preliminary Approval Order shall:

i.     Find that  the requirements for certification of the Settlement Class will likely be found satisfied, preliminarily appoint Plaintiffs as the representatives of the Settlement Class, preliminarily appoint Co-Lead Class Counsel as counsel for the Settlement Class, and preliminarily approve the Settlement as being within the range of reasonableness such that the Settlement Notice should be provided to the Settlement Class Members;

ii.     Approve the Notice Plan and Settlement Notice and direct that it be given as set forth in Paragraphs 17 and 19 of this Settlement Agreement;

iii.    Schedule the Final Approval Hearing not earlier than 115 days following the Preliminary Approval Date;

iv.     Appoint Angeion as the Settlement Administrator;

v.      Provide that any objections by any Settlement Class Member to the Settlement Agreement shall be heard and any papers submitted in support thereof shall be considered by the Court at the Final Approval Hearing only if, on or before the Objection and Opt-Out Deadline specified in the Settlement Notice and the Preliminary Approval Order, the objecting Settlement Class Member follows the procedures set forth in this Settlement Agreement;

vi.     Establish dates by which the Parties shall file and serve any papers in support of the motion for final approval of the Settlement, in support of the motion for attorneys' fees and expenses and service awards, and in response to any valid and timely objections;

vii.    Provide that all Settlement Class Members will be bound by the Final Approval Order and Judgment, except those Settlement Class Members who submit to the Settlement Administrator a valid and timely written Request for Exclusion in accordance with this Settlement Agreement and the Settlement Notice;

19

viii.    Provide that, pending the Final Approval Hearing and the Effective Date, all proceedings in the Litigation, other than proceedings necessary to carry out or enforce the terms and conditions of this Settlement Agreement, shall be stayed;

ix.    Provide that, pending the Final Approval Hearing, all Plaintiffs and Settlement Class Members are enjoined from commencing or prosecuting, either directly or indirectly, any action asserting any of the Released Claims against any of the Released Parties, unless they have submitted a valid and timely written Request for Exclusion from the Settlement; and

x.    Issue other related orders to effectuate the preliminary approval of the Settlement Agreement.

c.    Following the entry of the Preliminary Approval Order, the Notice Plan shall be effectuated in the manner directed and approved by the Court. The Parties agree that the methods of Settlement Notice described in this Settlement Agreement are valid, effective, and provide the best notice practicable to the Settlement Class.

d.    Upon entry of the Preliminary Approval Order, Plaintiffs, Class Counsel, LG, and Counsel for LG agree to use reasonable and good faith efforts to effectuate the Court's final approval of this Settlement Agreement, including by filing the necessary motion papers and scheduling any necessary hearings for a date and time convenient for the Court.

## C.    **CONSIDERATION TO THE SETTLEMENT CLASS**

5.    **Backward-Looking Relief.**

   a.  A Settlement Class Member may elect to receive a Default Payment, an Alternative Payment, and/or a Parts Reimbursement Payment, as defined and described above.

   b.  These forms of backward-looking relief are non-exclusive; provided, however, that a Claimant cannot recover both a Default Payment and an Alternative Payment for the same category of loss, and the recovery under a Replacement Reimbursement Payment shall exclude recovery under all other categories of loss except for Property Loss.

   c.  These forms of backward-looking relief apply to No-Cooling Events occurring before the Notice Date; provided, however, that Alternative Payment Claimants who experienced their first No-Cooling Event before the Notice Date may submit Claims in connection with No-Cooling Events occurring up to the date of submission of their Claim Form(s) during the Claim Period, and Claimants may amend their submissions prior to the expiration of the Claim Period.

   6.  **<u>Forward-Looking Relief</u>.**

   a.  LG shall be responsible for implementing the forward-looking relief set forth below.

   b.  On and after the Notice Date, LG will provide Settlement Class Members with an extension of their limited warranty, to five (5) years after the date of purchase of the LG Refrigerator at issue, with Labor Costs to be fully covered and the other Enhanced Customer Care benefits described above.

   c.  For avoidance of doubt, LG will continue to provide the original limited warranty for the parts related to the cooling system, and under no circumstances shall any provision of this Settlement Agreement be construed as reducing or limiting the obligations of LG under its limited warranty. The Enhanced Customer Care payments will be provided by LG

directly to Settlement Class Members. For a period of three (3) years following the Effective Date, LG will provide a report every six months to Co-Lead Class Counsel confirming and describing its implementation of the Enhanced Customer Care program, including the "Enhanced Customer Care Payments" described in paragraph I (A)(u) above. That report shall be in the form of a Microsoft Excel spreadsheet containing certain information about all Settlement Class Members who submit claims to LG under the Enhanced Customer Care Program, including, the names of all Settlement Class Members who submit Enhanced Warranty Claims (whether made directly to LG or through an Enhanced Warranty Claim Form), all claims for monetary relief, and the amounts paid.

        d.     Through the earlier of the (i) Effective Date or (ii) one (1) year after the Notice Date, LG will provide free warranty and Enhanced Customer Care Program benefits to any Settlement Class Member who experiences a No-Cooling Event, regardless of whether or when their warranty expired.

        e.     No later than the Effective Date, LG will implement the Enhanced Customer Care Program in Paragraph 1.u above. As a matter of convenience, Settlement Class Members may use, but are not required to use, the Enhanced Warranty Claim Form that shall be available on the Settlement Website, to request monetary benefits under the Enhanced Warranty Claim Program. Payments to Settlement Class Members under the Enhanced Customer Care Program will be made in cash and sent directly by LG to qualifying Settlement Class Members within a commercially reasonable period, as needed for verification, provided that, in no event shall the payment be made later than 60 days from the receipt of an Enhanced Warranty Claim.

**D.**    **<u>CLAIM-RELATED PROCEDURES</u>**

7.    **Appointment of Settlement Administrator**. The Settlement Administrator shall be appointed by the Court in the Preliminary Approval Order. The Settlement Administrator shall be responsible for administering the Claim process and taking other actions as set forth in this Agreement. The reasonable fees and expenses of the Settlement Administrator shall be invoiced to and paid by LG. The Settlement Administrator shall provide Co-Lead Class Counsel and Counsel for LG with a declaration to be filed with Plaintiffs' Motion for Preliminary Approval setting forth a detailed estimate and a "not to exceed" price for performing all tasks and duties in connection with this Settlement.

8.    **Pre-Populated Claim Form**. A separate and simplified Claim Form will be provided to Qualified Claimants. To the extent reasonably practicable, the Claim Form for each Qualified Claimant will include such information as is available from LG concerning that Claimant and their experiences with No-Cooling Events, except that the Claim Form need not include information that LG is prohibited by law from providing.

9.    **LG's Dealings with Settlement Class Members**. If contacted during the Claim Period by any Settlement Class Member who has experienced a No-Cooling Event, or who makes an inquiry regarding this Settlement Agreement or describes an experience that may make them eligible to submit a Claim hereunder, LG will inform that Settlement Class Member of this Settlement, and shall provide them the name and contact information of the Settlement Administrator, the domain name of the Settlement Website, and the established toll-free number regarding the Settlement. If contacted during the period from the Claim Deadline to until three (3) years after the Effective Date by any Settlement Class Member who has experienced a No-Cooling Event, or who makes an inquiry regarding this Settlement Agreement or describes an experience that may make them eligible to submit an Enhanced Warranty Claim hereunder, LG

23

will inform that Settlement Class Member of this Settlement, and shall provide them the name and contact information of the Enhanced Customer Care Program, the domain name of the Settlement Website, and LG's toll-free number regarding the Settlement, which shall provide information about the Enhanced Customer Care Program during this time period.

10.     **Review of Claims**. The Settlement Administrator will review each Claim Form and determine if the Claim Form is eligible for payment under the terms of the Settlement. If information provided by a Claimant to the Settlement Administrator when submitting a Claim Form establishes, as determined by the Settlement Administrator, that the Claim is not eligible for payment under the Settlement, then the Settlement Administrator shall deny the Claim; provided, however, that the Settlement Administrator shall inform that Claimant of the denial in writing and provide that Claimant with a further opportunity to establish their eligibility for payment under the Settlement. All other Claims will be paid in accordance with the terms of this Settlement Agreement. The decisions of the Settlement Administrator as to Claim eligibility shall be final; provided, however, that the Settlement Administrator may consult with the Parties in regard to their interpretation of the Settlement Agreement as relevant to Claim payment criteria. LG shall have no role in adjudicating or challenging Claims.

11.     **Payment of Eligible Backward-Looking Claims**. Promptly after the Claim Period has ended and all eligible Claims for Default Payments, Alternative Payments, and Parts Reimbursement Payments have been submitted, including any *pro rata* allocations for Repair Reimbursement Payments associated with non-DMST technicians, the Settlement Administrator shall advise Co-Lead Class Counsel and LG in writing of the total amount of such claims. The Settlement Administrator may elect to invoice LG for payment of Eligible Claims in a single distribution or pay Eligible Claims on a rolling basis, in its reasonable discretion, in order to pay

Claims without delay attributable to deficient Claims. Within thirty (30) days after receiving any request for payment from the Settlement Administrator, LG shall remit by wire the required sum to an escrow account maintained by the Settlement Administrator. As soon as is practicable upon receipt of payment from LG, the Settlement Administrator will distribute Settlement Payments to the Eligible Claimants. The Settlement Administrator shall provide Co-Lead Class Counsel and LG with a full and complete accounting for the escrow account upon request at any time.

12.     **Uncashed Settlement Payment Checks**. All checks issued by the Settlement Administrator to Eligible Claimants shall remain valid for 180 days. Any check sent to an Eligible Claimant that is not cashed within 180 days shall be void. Both ninety (90) days and thirty (30) days in advance of this 180-day deadline, the Settlement Administrator shall send check-cashing reminders by email to Eligible Claimants who were sent but who have not yet cashed their check, and may also call and/or mail Eligible Claimants to remind them to cash their checks.

E.      **SETTLEMENT ADMINISTRATION AND NOTICE PLAN**

13.     **Claim Procedure Details**. Any Settlement Class Member who wishes to submit a Claim must timely complete, sign (by hard copy or electronic signature), and submit a Claim Form providing the Settlement Administrator with all requested information. A Claim Form that does not meet each of these requirements is deficient and shall be responded to by the Settlement Administrator using a deficiency letter. A Claimant shall have at least one opportunity to cure any deficiency or deficiencies associated with their Claim Form. The Settlement Administrator shall receive, process, and make determinations regarding all Claim Forms, pursuant to the terms of this Agreement, as promptly as possible. To the extent practicable, Claim Forms shall be processed in the order in which they are received.

14.     **No Liability for Claims Administered Pursuant to Agreement**. No Person shall have any claim against LG, Counsel for LG, Plaintiffs, Class Counsel, Co-Lead Class Counsel, the Released Parties, and/or the Settlement Administrator based on any determinations, distributions, actions taken, or awards made, with respect to this Settlement, so long as each of these individuals and entities act in accordance with the Settlement Agreement and the Court's Preliminary Approval Order and Final Approval Order and Judgment.

15.     **Settlement Administrator Duties**. The Settlement Administrator shall:

a.     Use personal information acquired as the result of this Agreement solely for purposes of administering the Settlement and evaluating and paying Claims under this Agreement.

b.     Assign a manager to oversee the protection and appropriate management of personal information and review its internal system to manage the protection of personal information to ensure consistent performance and constant improvement.

c.     Take security countermeasures to prevent unauthorized access to personal information and the loss, destruction, falsification, and leakage of personal information.

d.     If outsourcing the handling of personal or confidential information, ensure that outsourced companies take steps to ensure appropriate management of the information to prevent leaks of it, and prohibit its reuse for other purposes.

e.     Respond immediately with appropriate measures when necessary to disclose, correct, stop using, or expunge information.

f.     Within 120 days after the completion of the 180-day check-cashing period following the Claim Period, and in compliance with applicable retention law, destroy all personal

information obtained in connection with this Settlement in a manner most likely to guarantee that such information not be obtained by unauthorized Persons.

16. **Settlement Administrator Accounting**. The Settlement Administrator shall maintain a complete and accurate accounting of all receipts, expenses (including Settlement Administration Costs), and payments made pursuant to this Agreement. The accounting shall be made available on reasonable notice at any time to Counsel for LG and Co-Lead Class Counsel.

17. **Notice Plan**. The Notice Plan utilized to provide notice of this Settlement to the Settlement Class shall be approved in the Court's Preliminary Approval Order. The cost of the Notice Plan shall be paid by LG. The Notice Plan shall be effectuated by the Settlement Administrator and shall include, at a minimum:

a. **Direct Notice**. The Notice of Settlement substantially in the form attached hereto as Exhibit 2(a), and the Claim Form substantially in the form attached hereto as Exhibit 1, shall be mailed, first-class postage pre-paid, and emailed, to all members of the Settlement Class who are identifiable to the Settlement Administrator through reasonable means. To facilitate this direct notice, LG and Class Counsel will provide the Settlement Administrator with all information reasonably available that identifies Settlement Class Members by name, address, email address, and telephone number (including information received by Class Counsel as a result of subpoenas issued by Class Counsel to certain LG Refrigerator retailers).

b. **Publication Notice**. The Settlement Administrator shall design and implement a plan that satisfies current federal judicial standards, and is formulated to target LG Refrigerator owners, for notification of the Settlement to Settlement Class Members through both print and online publication. The short-form publication notice will be substantially in the form attached hereto as Exhibit 2(b).

27

c.     **Joint Press Release**. The Parties shall issue a joint press release, with content to be approved by the Parties, on the same date that the Motion for Preliminary Approval is filed.

d.     **Direct Customers, Retailers, and Authorized Repair Service Providers**. LG will provide, to the extent permitted by law, the Settlement Administrator with the contact information by name, address, email address, and telephone number, for its direct customers, all authorized retailers, and all Authorized Repair Service Providers with respect to the LG Refrigerators, and the Settlement Administrator shall send those Persons the Notice and Claim Form by U.S. mail and email.

e.     **Settlement Website**. On the Notice Date, the Settlement Administrator shall establish and launch the Settlement Website, which shall be an Internet website concerning the Settlement utilizing the domain name www.lgfridgesettlement.com or another domain name mutually agreed upon by the Parties. The Settlement Website shall be maintained by the Settlement Administrator for a period of three (3) years after the Effective Date, in order to ensure that Settlement Class Members have continuing online notice of the forward-looking relief provided under the Settlement Agreement. The domain name of the Settlement Website shall be included in all Settlement Notices. The Settlement Website shall provide, at a minimum: (i) information concerning deadlines for filing a Claim Form and the dates and locations of relevant Court proceedings, including the Final Approval Hearing; (ii) the toll-free phone number applicable to the Settlement; (iii) copies of the Settlement Agreement, the Notice of Settlement, the Claim Form, Court Orders regarding this Settlement, and other relevant Court documents, including Co-Lead Class Counsel's Motion for Approval of Attorneys' Fees, Costs, and Service Awards; (iv) information concerning the submission of Claim Forms, including the

28

ability to submit Claim Forms electronically on the Settlement Website; and (v) a Frequently Asked Questions page regarding the Settlement with content approved by the Parties.

        f.    **Toll-Free Number for Settlement Administrator**. On the Notice Date, the Settlement Administrator also shall establish a toll-free telephone number that will provide Settlement Class Members with information regarding the Settlement and direct them to the Settlement Website. The toll-free number shall be included in all Notices. During the Claim Period, the Settlement Administrator shall provide both Interactive Voice Response ("IVR") as well as live operator support during regular business hours (*e.g.*, 9 a.m. to 5 p.m. CT). The telephone facility shall be capable of (i) receiving requests for Claims Forms, the Notice of Settlement, and this Settlement Agreement; (ii) providing general information concerning deadlines for filing a Claim Form, opting out of or objecting to the Settlement, and the dates and locations of relevant Court proceedings, including the Final Approval Hearing; and (iii) providing general information about the Enhanced Customer Care Program.

        g.    **CAFA Notice**. Pursuant to 28 U.S.C. § 1715, LG, through the Settlement Administrator, shall mail all required notices in accordance with its obligations thereunder.

    18.    **Proof of Compliance with Notice Plan**. The Settlement Administrator shall provide Co-Lead Class Counsel and Counsel for LG with a declaration detailing its compliance with the Notice Plan, the timely completion of the Notice Plan, and its reach to the Settlement Class, to be filed as an exhibit to Plaintiffs' Motion for Final Approval.

    19.    **Requests for Notice and Claim Forms**. The Settlement Administrator shall provide through mail and/or email the Notice of Settlement (**Exhibit 2**), Claim Form (**Exhibit 1**) to any Person requesting such documents at any time during the Claim Period.

20.    **Settlement Administrator Database**. The Settlement Administrator shall maintain and preserve records of all of its activities, including logs of all telephone calls, emails, faxes, mailings, visits to the Settlement Website, and all other contacts with actual and potential members of the Settlement Class, in a computerized database with readily retrievable records. The database shall also include a running tally of the number of and types of materials mailed or disseminated by the Settlement Administrator. The Settlement Administrator shall provide Co-Lead Class Counsel and Counsel for LG with weekly written reports, beginning on the Notice Date and continuing until the end of the check-cashing period (and thereafter upon request), summarizing all statistics and actions taken by the Settlement Administrator in connection with administering the Settlement.

F.    **OPT-OUTS AND OBJECTIONS**

21.    **Requests for Exclusion**.

a.    A Settlement Class Member may submit a Request for Exclusion from (*i.e.*, they may "opt-out" of) the Settlement pursuant to Rule 23(c)(2)(B)(v) of the Federal Rules of Civil Procedure. A Settlement Class Member who submits a Request for Exclusion cannot object to the Settlement and is not eligible to receive any payment or other relief under the Settlement.

b.    To validly request exclusion from the Settlement Class, a member of the Settlement Class must mail the Settlement Administrator a written request to opt out, postmarked by the Objection and Opt-Out Deadline and stating, "I wish to exclude myself from the Settlement Class in the LG Refrigerator Class Action Settlement" (or substantially similar clear and unambiguous language). That written request shall contain the Settlement Class Member's

printed name, address, telephone number, and email address. The Request for Exclusion must contain the actual written signature of the Settlement Class Member seeking exclusion.

c.      Requests for Exclusion cannot be made on a group or class basis, except that joint owners of the same Covered Model may opt out using the same form, so long as it is signed by each joint owner.

d.      The Settlement Administrator will provide copies of all Requests for Exclusion to Co-Lead Class Counsel and Counsel for LG on a weekly basis.

e.      Any Settlement Class Member who does not submit a valid and timely written Request for Exclusion as provided herein shall be bound by all subsequent proceedings, orders and judgments in this Litigation, including but not limited to the Release and the Final Approval Order and Judgment, even if such Settlement Class Member has litigation pending, or subsequently initiates litigation, against any Released Party relating to the Released Claims.

f.      A member of the Settlement Class who opts out can, on or before the Objection and Opt-Out Deadline, withdraw their Request for Exclusion by submitting a written or emailed request to the Settlement Administrator stating their desire to revoke their Request for Exclusion and containing their actual written signature or electronic signature.

g.      Any statement or submission purporting or appearing to be both an objection and opt-out shall be treated as a Request for Exclusion.

h.      No later than seven (7) days after the Objection and Opt-Out Deadline, the Settlement Administrator shall provide to Co-Lead Class Counsel and LG a complete list of opt-outs, together with copies of the opt-out requests and any other related information.

22.   **<u>Objections</u>**. Any Settlement Class Member who does not submit a written Request for Exclusion may submit a written objection to the Settlement explaining why he or she

31

believes that the Settlement should not be approved by the Court as fair, reasonable and adequate.

        a.     A Settlement Class Member who wishes to object must mail the Settlement Administrator a detailed written statement, postmarked by the Objection and Opt-Out Deadline, stating the objection(s) in detail and the specific aspect(s) of the Settlement being challenged; the specific reason(s), if any, for each such objection, including any evidence and legal authority that the Settlement Class Member wishes to bring to the Court's attention; and whether the objection applies only to the objector, to a specific subset of the class, or to the entire class.

        b.     That written statement shall clearly identify the case name and number, and contain (i) the Settlement Class Member's printed name, address, telephone number, and email address; (ii) evidence showing that the objector is a Settlement Class Member, including the address of the dwelling or business location that contains or contained a Covered Model and documentary proof that the objector purchased a Covered Model; (iii) any other supporting papers, materials, or briefs that the Settlement Class Member wishes the Court to consider when reviewing the objection; (iv) the actual written signature of the Settlement Class Member making the objection; and (v) a statement whether the objecting Settlement Class Member and/or his or her counsel intend to appear at the Final Approval Hearing.

        c.     A Settlement Class Member may object on his or her own behalf or through an attorney; provided, however, that even if represented, the objector must individually sign the objection and all attorneys who are involved in any way in asserting the objection must be listed on the objection.

d.      The Settlement Administrator shall provide counsel for the Parties with copies of any objections received by it on a weekly basis.

e.      Any objector who files and serves a valid and timely written objection as described above may appear at the Final Approval Hearing, either in person or through separate counsel hired at the objector's expense, to object to any aspect of the Settlement on the basis set forth in his or her objection; provided, however, that any objector or attorney for an objector who intends to make an appearance at the Final Approval Hearing must in the objection state their intention to appear.

f.      Any Settlement Class Member who does not comply with the foregoing provisions shall waive and forfeit any and all rights that he, she, or it may have to object to the Settlement, and shall be bound by all terms of this Settlement Agreement and by all proceedings, orders and judgments in the Litigation, including but not limited to the Release and the Final Approval Order and Judgment, even if such Settlement Class Member has litigation pending or subsequently initiates litigation against any Released Party relating to the Released Claims.

g.      A Settlement Class Member who objects can withdraw their objection on or before the Objection and Opt-Out Deadline by submitting a signed written request or email containing an electronic signature to the Settlement Administrator stating their desire to withdraw their objection.

## G.      **RELEASE OF CLAIMS**

23.      **Release**. Upon the Effective Date, all Settlement Class Members, on behalf of themselves and their agents, heirs, executors and administrators, successors, assigns, insurers, attorneys, representatives, and any and all Persons who seek to claim through or in the name or right of any of them (the "Releasing Parties"), release and forever discharge, upon good and

sufficient consideration, LG, its administrators, insurers, reinsurers, agents, firms, parent companies/corporations, sister companies/corporations, subsidiaries and affiliates, including any sales agents and affiliated distributors and technicians, and all of the foregoing Persons' respective predecessors, successors, assigns and present and former officers, directors, shareholders, employees, agents, attorneys, and representatives (collectively, the "Released Parties"), from each and every claim of liability, on any legal or equitable ground whatsoever, including relief under federal law or the laws of any state, asserted or unasserted, known or unknown, arising out of or related to the Litigation or the subject matter of the Litigation, and which were or could have been asserted in the Litigation, including, without limitation, all past and present claims, damages, or liability on any legal or equitable ground whatsoever ("Released Claims"). This Release is as a result of the Settlement Class Members' membership in the Settlement Class and status as Releasing Parties, the Court's approval process herein, and the occurrence of the Effective Date and is not conditioned on receipt of payment by any particular Settlement Class Member or Releasing Party. All personal injury claims are expressly excluded from this Release.

24. **Good Faith Settlement**. The Releasing Parties agree that the provisions of this Agreement and any claim thereunder constitute a good faith settlement under California Code of Civil Procedure Sections 877 and 877.6, Hawaii Revised Statutes 663-15.5, and comparable laws in other states. Plaintiffs and Class Counsel will not oppose a motion by LG in a subsequent action contending that this is a good faith settlement.

25. **Assumption of Risk**. Each of the Releasing Parties hereby does, and shall be deemed to, assume the risk that facts additional, different, or contrary to the facts that each believes or understands to exist, may now exist or may be discovered after this Agreement

becomes effective. Each of the Releasing Parties agrees that any such additional, different, or contrary facts shall in no way limit, waive, or reduce the foregoing Release, which shall remain in full force and effect.

26. **California Civil Code and Any Counterparts from Other States**. All Releasing Parties will be deemed by the Final Approval Order and Judgment to acknowledge and waive Section 1542 of the California Civil Code, which provides that: "**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR**." Plaintiffs and the Settlement Class Members, on behalf of all Releasing Parties, expressly waive and relinquish any and all rights and benefits that they may have under, or that may be conferred upon them by, the provisions of Section 1542 of the California Civil Code, or any other law of any state or territory that is similar, comparable or equivalent to Section 1542, to the fullest extent they may lawfully waive such rights or benefits pertaining to the Released Claims. In connection with such waiver and relinquishment, the Settlement Class Members hereby acknowledge that the Releasing Parties are aware that they or their attorneys may hereafter discover claims or facts in addition to or different from those that they now know or believe exist with respect to Released Claims, but that it is their intention to hereby fully, finally, and forever settle and release all of the Released Claims known or unknown, suspected or unsuspected, that they have against the Released Parties. In furtherance of such intention, the Release herein given by the Releasing Parties to the Released Parties shall be and remain in effect as a full and complete general release notwithstanding the discovery or existence of any such additional

35

different claims or facts. Each of the Parties expressly acknowledges that it has been advised by its attorneys of the contents and effect of Section 1542, and with knowledge, each of the Parties hereby expressly waives whatever benefits it may have had pursuant to such section. Plaintiffs acknowledge, and the Releasing Parties shall be deemed by operation of the Final Approval Order and Judgment to have acknowledged, that the foregoing waiver was expressly bargained for and a material element of the Settlement of which this Release is a part.

27.     **No Assignment of Claims**. Plaintiffs represent and warrant that they are the sole and exclusive owners of all claims that they personally are releasing under the Settlement Agreement. Plaintiffs further acknowledge that they have not assigned, pledged, or in any manner whatsoever sold, transferred, assigned or encumbered any right, title, interest or claim arising out of or in any way whatsoever pertaining to the Litigation, including without limitation any claim for benefits, proceeds, or value under the Litigation, and that Plaintiffs are not aware of anyone other than themselves claiming any interest, in whole or in part, in the Litigation or in any benefits, proceeds, or values under the Litigation.

28.     **Dismissal with Prejudice**. Upon the Effective Date, the Released Claims of the Settlement Class Members and Releasing Parties will be dismissed with prejudice.

**H.     ATTORNEYS' FEES, COSTS AND SERVICE AWARDS**

29.     **Negotiation and Payment of Attorneys' Fees and Costs**. Attorneys' fees, costs, and service awards will be subject to separate negotiation by the Parties and approval of the Court. If the Parties are unable to agree on the terms of attorneys' fees, costs, and service awards, Plaintiffs will move for such awards to be determined by the Court.

30.     **Procedures Applicable to an Award of Attorneys' Fees and Costs**. Regardless of the outcome of the aforementioned negotiations, within the time period established by the

Court, and no later than thirty (30) days before the Objection and Opt Out Deadline, Class

Counsel will file a Motion for Approval of Attorneys' Fees, Cost and Service Awards to be paid

by LG, which motion shall be included on the Settlement Website. Subject to the Court's

exercise of discretion, any Attorneys' Fee, Cost, and Service Award shall be set forth in an order

separate from the Final Approval Order and Judgment so that any appeal of the Attorneys' Fee,

Cost, and Service Award shall not constitute an appeal of the Final Approval Order and

Judgment. Any order or proceedings relating solely to the application for an Attorneys' Fee,

Cost, and Service Award, and any appeal solely from the Attorneys' Fee, Cost, and Service

Award and any reversal or modification of such an award, will not operate to terminate or cancel

this Settlement Agreement and will not affect or delay the Effective Date.

      31.    **Timing of Payment**. The Attorneys' Fee, Cost, and Service Award shall be paid

by LG to Co-Lead Class Counsel within fifteen (15) days after the date of entry of the Final

Approval Order, notwithstanding the existence of any objections, pending or potential appeals,

or collateral attack on the Settlement or its approval or the Attorneys' Fee, Cost, and Service

Award. At least thirty (30) days prior to payment of the attorneys' fees and costs, Co-Lead Class

Counsel shall furnish LG with all necessary payment and routing information to facilitate this

transfer. Upon receiving this payment, Co-Lead Class Counsel shall distribute attorneys' fees

and costs to other Class Counsel as Co-Lead Class Counsel deems appropriate. If the Final

Approval Order is vacated, overturned, reversed, or rendered void or unenforceable as a result of

an appeal, or if the Settlement Agreement is voided, rescinded, or otherwise terminated, then Co-

Lead Class Counsel shall, within thirty (30) days, repay to Defendant the attorneys' fees and

costs it received, plus interest Co-Lead Class Counsel earned on that amount, if any. For

avoidance of doubt, Co-Lead Class Counsel shall have no obligation under any circumstances to

reimburse Defendant for any sums paid to or billed by the Settlement Administrator for Settlement administration, Notice, or any other purpose.

## I.    <u>FINAL APPROVAL</u>

32.    <u>**Motion for Final Approval of Settlement**</u>. Pursuant to the schedule set by the Court in its Preliminary Approval Order and at least fourteen (14) days before the Final Approval Hearing, Co-Lead Class Counsel shall file a motion and supporting papers requesting that the Court grant final approval of this Settlement Agreement and for entry of a Final Approval Order and Judgment, substantially similar to Exhibit 7 hereto:

a.    Determining that the Court has personal jurisdiction over Plaintiffs and Settlement Class Members, that the Court has subject matter jurisdiction over the claims asserted in this Litigation, and that venue is proper;

b.    Certifying the Settlement Class for settlement purposes only;

c.    Finally approving the Settlement Agreement and settlement as fair, reasonable and adequate pursuant to Federal Rule of Civil Procedure 23;

d.    Finding that the Notice Plan, Settlement Notice and dissemination methodology complied with all applicable laws, including the Due Process Clause, and was fair, adequate and sufficient, as the best practicable notice under the circumstances, and reasonably calculated to apprise Settlement Class Members of the Litigation, the Settlement Agreement, their objection rights, and their opt-out rights;

e.    Dismissing the Litigation with prejudice;

f.    Expressly including the Release set forth in the Settlement Agreement and making the Release effective as of the Effective Date;

g.    Listing all opt-outs;

h.      Finding that the notification requirements of the Class Action Fairness Act, 28 U.S.C. § 1715, have been met;

i.      Authorizing the Parties to implement the terms of the Settlement Agreement;

j.      Permanently enjoining Plaintiffs and all other Settlement Class Members and those subject to their control, from commencing, maintaining, or participating in, or permitting another to commence, maintain, or participate in on their behalf, any Released Claims against the Released Parties;

k.      Retaining jurisdiction relating to the administration, consummation, enforcement, and interpretation of the Settlement Agreement and the Final Approval Order and Judgment, and for any other necessary purpose; and

l.      Reserving jurisdiction to issue related Orders to effectuate the final approval of the Settlement Agreement and its implementation.

33.     **Exclusive Remedy, Dismissal of Action and Jurisdiction of Court**. All Settlement Class Members who do not properly file a timely written Request for Exclusion from the Settlement Class submit to the jurisdiction of the Court and will be bound by the terms of this Agreement, including, without limitation, the Release set forth herein. This Agreement sets forth the sole and exclusive remedy for any and all pending or future claims of Settlement Class Members or other Claimants against LG and the Released Parties arising from the alleged failure of the Covered Models with respect to No-Cooling Events as set forth above. Upon entry of the Final Approval Order and Judgment, each Settlement Class Member who has not validly and timely opted out of the Settlement Class and any Person that has made or can or is entitled to make a claim through or in the name or right of a Settlement Class Member shall be barred from

39

initiating, asserting, continuing, or prosecuting any such claims against LG and any Released Party. Upon the Effective Date, the cases comprising the Litigation will be dismissed with prejudice.

## J.     **OTHER TERMS AND CONDITIONS**

34.     **Existing Warranties**. The Settlement Agreement does not extinguish, abrogate, diminish, or limit Settlement Class Members' warranty rights under their limited warranties that accompanied their purchase of an LG Refrigerator. For as long as those limited warranties remain in effect, all Settlement Class Members can pursue a warranty claim under their limited warranties for any issue with their LG Refrigerator, including, without limitation, a No-Cooling Event, for any claim that has not already been subject to relief from LG or through this Settlement Agreement.

35.     **No Admission of Liability**. This Agreement is made in compromise of disputed claims and shall not be construed as an admission of liability by LG or any Released Party. Because this is a class action settlement, this Agreement must receive preliminary and final approval by the Court. It is an express condition of this Agreement that the Court shall enter the Final Approval Order and Judgment and that the Agreement reach the Effective Date. In the event that the Effective Date does not occur, this Agreement shall be terminated and only those provisions necessary to effectuate such termination and to restore fully the Parties to their respective positions before entry of this Agreement shall be given effect and enforced. In such event, the Parties shall bear their own costs, except that LG shall bear the Settlement Administration Costs up until the date that the Agreement is terminated.

40

36.    **Exclusive and Continuing Jurisdiction**. The Court shall retain exclusive and continuing jurisdiction to interpret and enforce the terms, conditions, and obligations of this Agreement and its own orders and judgments.

a.      In the event of a breach by Plaintiffs, LG, or a Settlement Class Member of this Agreement, the Court may exercise all of its equitable powers to enforce this Agreement and the Final Approval Order and Judgment irrespective of the availability or adequacy of any remedy at law. Such powers include, among others, the power of specific performance and injunctive relief.

b.      The Parties agree, and Settlement Class Members and Claimants will be deemed to have agreed, to submit irrevocably to the exclusive jurisdiction of the Court for the resolution of any matter covered by this Settlement Agreement, the Release, or the Final Approval Order and Judgment, or the applicability of this Settlement Agreement, the Release, or the Final Approval Order and Judgment.

c.      All applications to the Court with respect to any aspect of this Settlement Agreement, the Release, or the Final Approval Order and Judgment shall be presented to and be determined by the Court for resolution.

d.      In the event that the provisions of this Settlement Agreement, the Release, or the Final Approval Order and Judgment are asserted by any Released Party as a ground for a defense, in whole or in part, to any claim or cause of action, or are otherwise raised as an objection in any other suit, action, or proceeding by any Releasing Party or any other Person covered by the Release, the Released Party shall be entitled to seek an immediate stay of that suit, action, or proceeding until after the Court has entered an order or judgment determining any

issues relating to the defense or objections based on such provisions. Plaintiffs and Class Counsel will not oppose such relief.

37.   **Defendant's Attorneys' Fees and Costs**. LG shall bear its own attorneys' fees and costs in the Litigation.

38.   **Representation by Counsel**. The Parties are represented by competent counsel, and they have had an opportunity to consult and have consulted with counsel prior to executing this Agreement. Each Party represents that it understands the terms and consequences of entering into this Agreement and executes it and agrees to be bound by the terms set forth herein knowingly and voluntarily.

39.   **Mutual Cooperation**. The Parties agree to cooperate with each other in good faith to accomplish the terms of this Agreement, including the execution of such documents and such other action as may reasonably be necessary to implement the terms of this Agreement and obtain the Court's final approval of the Agreement including the entry of an order dismissing the Litigation with prejudice.

40.   **Notices**. Unless otherwise specifically provided herein, all notices, demands, or other communications given hereunder shall be in writing by mail or email and addressed as follows:

To Plaintiffs and the Settlement Class:

Daniel C. Girard
GIRARD SHARP LLP
601 California Street, Suite 1400
San Francisco, CA 94108
dgirard@girardsharp.com

-and-

Shanon J. Carson
BERGER MONTAGUE PC

42

1818 Market Street, Suite 3600
Philadelphia, PA 19103
scarson@bm.net

<u>To LG</u>:

Michael M. Maddigan
HOGAN LOVELLS US LLP
1999 Avenue of the Stars
Los Angeles, CA 90067
michael.maddigan@hoganlovells.com

-and-

Phoebe Wilkinson
HOGAN LOVELLS US LLP
390 Madison Avenue
New York, New York 10017

41.    **<u>Drafting of Agreement</u>**. The language of all parts of this Agreement shall be construed as a whole, according to its fair meaning, and not strictly for or against any Party. No Party shall be deemed the drafter of this Agreement. The Parties acknowledge that the terms of this Agreement are contractual and are the product of negotiations between the Parties and their counsel. Each Party and its counsel cooperated in the drafting and preparation of this Agreement, and this Agreement shall not be construed against any Party because of their role in drafting it.

42.    **<u>Governing Law</u>**. This Agreement and the Exhibits hereto will be construed and enforced in accordance with, and governed by, the substantive laws of the State of New Jersey without giving effect to the choice-of-law principles of that or any other state.

43.    **<u>Modification</u>**. This Agreement may not be changed, altered, or modified, except in writing and signed by all Parties hereto. The Agreement may not be discharged except by performance in accordance with its terms or by a writing signed by the Parties hereto.

44.     **Integration**. This Agreement and its Exhibits contain the entire agreement between the Parties relating to the Settlement, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a Party or its counsel, are merged herein. Each Party represents and warrants that it is not relying on any representation not expressly included in this Agreement. No rights hereunder may be waived except in writing.

45.     **Use in Other Proceedings**. The Parties expressly acknowledge and agree that this Settlement Agreement and its Exhibits, along with all related drafts, motions, pleadings, conversations, negotiations, and correspondence, constitute an offer of compromise and a compromise within the meaning of Federal Rule of Evidence 408 and any equivalent rule of evidence in any state. In no event shall this Settlement Agreement, any of its provisions or any negotiations, statements or court proceedings relating to its provisions in any way be construed as, offered as, received as, used as, or deemed to be evidence of any kind in the Litigation, in any other action, or in any judicial, administrative, regulatory or other proceeding, except in a proceeding to enforce this Settlement Agreement or the rights of the Parties, their counsel, or the Released Parties. Without limiting the foregoing, neither this Settlement Agreement nor any related negotiations, statements, or court proceedings shall be construed as, offered as, received as, used as or deemed to be evidence or an admission or concession of any liability or wrongdoing whatsoever on the part of any Person, including, but not limited to, the Released Parties, Plaintiffs, or the Settlement Class or as a waiver by the Released Parties, Plaintiffs, or the Settlement Class of any applicable privileges, claims or defenses.

46.     **Subheadings**. Subheadings in this Agreement are for the purpose of clarity only and are not intended to modify the terms of this Agreement's text, which are controlling.

44

47.    **Waiver**. The waiver by any party to this Agreement, of any breach of its terms shall not be deemed or construed to be a waiver of any other breach of this Agreement, whether prior, subsequent, or contemporaneous.

48.    **Force Majeure**. The Parties are entering into this Agreement during the period of the Covid-19 pandemic and the Parties and their counsel are subject to stay-at-home orders and guidance issued by the United States government and various State Governments. The Parties recognize that their performance under this Agreement might be impacted by the Covid-19 pandemic or other *force majeure* circumstances beyond their control and agree that delay in payments owed under this Agreement to the extent LG is unable to make such payments due to Covid-19 or other force majeure events shall not constitute a material breach. If Covid-19 or any other force majeure event materially interferes with the benefits due Settlement Class Members under this Agreement, the Parties will meet and confer in good faith to identify and implement such adjustments or modifications to the terms of the Settlement as may be required to provide Settlement Class Members with substantially equivalent benefits.

49.    **Signatures**. Each Person executing this Agreement on behalf of any Party warrants that such Person has the authority to do so. This Agreement shall be binding upon, and inure to the benefit of, the agents, heirs, executors, administrators, successors, and assigns of the Parties.

50.    **Counterparts**. This Agreement may be executed in any number of counterparts, including by electronic signature, each of which shall be deemed to be an original. All counterparts shall constitute one Agreement, binding on all Parties hereto, regardless of whether all Parties are signatories to the same counterpart, but the Agreement will be without effect until and unless all Parties to this Agreement have executed a counterpart.

AGREED AND ENTERED INTO BY THE PARTIES AND THEIR RESPECTIVE

COUNSEL ON THE DATES NOTED BELOW.

Dated: July 21, 2020

**GIRARD SHARP LLP**

By: _____
Daniel C. Girard
601 California Street, Suite 1400
San Francisco, CA 94108

**BERGER MONTAGUE PC**

By: _____
Shanon J. Carson
1818 Market Street, Suite 3600
Philadelphia, PA 19103

*Counsel for Plaintiffs and the Settlement Class*

**HOGAN LOVELLS LLP**

By: _____
Phoebe A. Wilkinson
390 Madison Avenue
New York, NY 10022

Michael M. Maddigan
1999 Avenue of the Stars
Los Angeles, CA 90067

*Counsel for Defendant LG Electronics U.S.A., Inc.*

46

**AGREED AND ENTERED INTO BY THE PARTIES AND THEIR RESPECTIVE**

**COUNSEL ON THE DATES NOTED BELOW.**

Dated: June _, 2020

**GIRARD SHARP LLP**

By: _____
Daniel C. Girard
601 California Street, Suite 1400
San Francisco, CA 94108

**BERGER MONTAGUE PC**

By: _____
Shanon J. Carson
1818 Market Street, Suite 3600
Philadelphia, PA 19103

*Counsel for Plaintiffs and the Settlement Class*

**HOGAN LOVELLS LLP**

By: _____
Phoebe A. Wilkinson
390 Madison Avenue
New York, NY 10022

Michael M. Maddigan
1999 Avenue of the Stars
Los Angeles, CA 90067

*Counsel for Defendant LG Electronics U.S.A., Inc.*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL BENTLEY, *et al*., on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br>  v.<br><br>LG ELECTRONICS U.S.A., INC.<br><br>        Defendant. | Case No. 2:19-cv-13554-MCA-MAH (consolidated with Case Nos. 2:19-cv-15185-MCA-MAH, 2:19-15826-MCA-MAH, and 2:20-cv-07652-MCA-MAH)<br><br>**FIRST AMENDMENT TO SETTLEMENT AGREEMENT** |

## FIRST AMENDMENT TO SETTLEMENT AGREEMENT

This First Amendment to the Settlement Agreement, made effective as of August 14, 2020 ("First Amendment"), is entered by and between Plaintiffs Terry Driscoll, Cheryl Ervin, Sarah Johnson, Sam Lee, Patrick Romano, Carlos Stocco, Diane Terry, Leah Scala Israel, and Michael Burrage and Defendant LG Electronics U.S.A., Inc. ("LG" or "Defendant") (together with Plaintiffs, the "Parties").

### BACKGROUND

A.  The Parties negotiated Class Counsel's attorneys' fees and costs after reaching agreement as to all other material terms of the Settlement, including through mediation with the Hon. Jay C. Gandhi (Ret.).

B.  The Parties desire to amend the Settlement to reflect their agreement as set forth in this First Amendment.

# AGREEMENT

1.      **Amendment to Section H**: Section H of the Settlement Agreement, titled "Attorneys' Fees, Costs, and Service Awards" is deleted and replaced with the following:

## H. ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS

29 (a). **Court Approval**. Attorneys' fees, costs, and service awards will be subject to approval of the Court.

29 (b). **Negotiation and Payment of Class Counsel's Attorneys' Fees and Costs**. The Parties separately negotiated the issue of Class Counsel's attorneys' fees and costs after reaching agreement as to all other material terms of the Settlement. Following this negotiation, which included a separate mediation session with Hon. Jay C. Gandhi (Ret.) on July 20, 2020, the Parties agreed that LG will reimburse Class Counsel's reasonable, actually incurred costs in full up to $375,000, and in addition, subject to the approval of the Court, will pay Class Counsel attorneys' fees of $5.5 million ("Base Fee"), plus an additional sum equal to one-third of the amount claimed by Settlement Class Members, excluding the first 16,500 claims ("Additional Fee"). For avoidance of doubt, if there are fewer

2

than 16,500 Claims, Class Counsel's total fee will be capped at the Base Fee of $5.5 million, but if, as an illustration, there are 20,000 Claims, then Class Counsel's total fee will include the Base Fee of $5.5 million plus an Additional Fee of one-third of the amount claimed by Eligible Claimants 16,501 through 20,000, which will be paid by LG without reducing the amounts paid to any Settlement Class Members.

29 (c). **Service Awards.** Class Counsel will seek Service Awards for each Class Representative in consideration of their service and the benefits conferred upon the Class by such service. LG has agreed to pay service awards of $2,000 to each Class Representative, subject to Court approval. The service awards will be paid in addition to the amount recoverable by the Class Representatives on their claims and will not reduce the amount of such claims.

30. **Procedures for Attorneys' Fees, Costs, and Service Awards**. Within the time period established by the Court, and no later than thirty (30) days before the Objection and Opt Out Deadline, Class Counsel will file a Motion for Approval of Attorneys' Fees, Costs, and Service Awards to be separately paid by LG in addition to the relief to the Settlement Class Members, which motion shall be

3

included on the Settlement Website. Class Counsel shall also file a
supplement to this Motion before the Final Approval Hearing along
with a Declaration of the Settlement Administrator, reporting on the
number of Claims that have been filed with the Settlement
Administrator, and how that affects the fee calculation pursuant to the
formula for calculating Class Counsel's fee set forth in Paragraph 29.
LG shall not oppose this Motion and Supplement so long as it is
consistent with the formula for calculating Class Counsel's total fee as
set forth above in Paragraph 29. Any Attorneys' Fee, Cost, and
Service Award approved by the Court shall be set forth in an order
separate from the Final Approval Order and Judgment so that any
appeal of the Attorneys' Fee, Cost, and Service Award shall not
constitute an appeal of the Final Approval Order and Judgment. Any
order or proceedings relating solely to the application for an
Attorneys' Fee, Cost, and Service Award, and any appeal solely from
the Attorneys' Fee, Cost, and Service Award and any reversal or
modification of such an award, will not operate to terminate or cancel
this Settlement Agreement and will not affect or delay the Effective
Date. LG will pay to Co-Lead Class Counsel the Base Fee, any
Additional Fee, all reimbursable costs, and service awards within

thirty (30) days after the Court has issued both (i) the Final Approval Order and (ii) a separate order approving an award of attorney's fees, costs, and/or service awards, notwithstanding the existence of any objection, pending or potential appeal, or collateral attack on either (i) the Settlement or its approval or (ii) the Attorneys' Fee, Cost, and Service Award. At least thirty (30) days prior to the initial payment of the attorneys' fees and costs, Co-Lead Class Counsel shall furnish LG a signed, written document with all necessary payment and routing information to effect the payment. Upon receiving payment, Co-Lead Class Counsel shall distribute attorneys' fees and costs to other Class Counsel as Co-Lead Class Counsel deems appropriate. If the Final Approval Order is vacated, overturned, reversed, or rendered void or unenforceable as a result of an appeal, or if the Settlement Agreement is voided, rescinded, or otherwise terminated, then Co-Lead Class Counsel shall, within thirty (30) days, repay to Defendant the attorneys' fees and costs received, plus interest Co-Lead Class Counsel earned on that amount, if any. If the attorney's fees are reduced as a result of any objection, appeal, or collateral attack, Co-Lead Counsel shall, within thirty (30) days, repay the reduced amount to Defendant. For avoidance of doubt, Co-Lead Class Counsel shall

5

have no obligation under any circumstances to reimburse Defendant

for any sums paid to or billed by the Settlement Administrator for

Settlement administration, Notice, or any other purpose.


**AGREED AND ENTERED INTO BY THE PARTIES AND THEIR**

**RESPECTIVE COUNSEL ON THE DATES NOTED BELOW.**

Dated: August 14, 2020

**GIRARD SHARP LLP**

By: _____
Daniel C. Girard
601 California Street, Suite 1400
San Francisco, CA 94108

**BERGER MONTAGUE PC**

By: _____
Shanon J. Carson
1818 Market Street, Suite 3600
Philadelphia, PA 19103

*Counsel for Plaintiffs and the Settlement Class*

**HOGAN LOVELLS LLP**

By: _____
Phoebe A. Wilkinson
390 Madison Avenue
New York, NY 10022

Michael M. Maddigan
1999 Avenue of the Stars
Los Angeles, CA 90067

*Counsel for Defendant LG Electronics U.S.A., Inc.*

# EXHIBIT 1

to the Settlement Agreement

(Claim Form)

UNITED STATES DISTRICT COURT for the DISTRICT OF NEW JERSEY
*BENTLEY, ET AL. V. LG ELECTRONICS U.S.A., INC.*, NO. 19-CV-13554 (D.N.J.)

## CLAIM FORM

## TO RECEIVE PAYMENTS RELATED TO LG REFRIGERATOR COOLING ISSUES

## INSTRUCTIONS

This claim form is for LG Refrigerator owners who have experienced a No-Cooling Event, as described in the attached Notice of Proposed Class Action Settlement. You may be eligible for benefits from LG as a result of a class action settlement. To receive a payment from the settlement, you must complete and submit this form.

**For a full description of available benefits and eligible models, visit www.LGFridgeSettlement.com.**

### How To Complete This Claim Form

1. There are three ways to submit this claim form to the Settlement Administrator: (a) online at the settlement website, www.LGFridgeSettlement.com; (b) by email to [insert email address]; or (c) by U.S. Mail sent to the following address: [insert address]. If you submit your claim by U.S. mail, make sure to include the completed and signed claim form and all supporting materials in one envelope.

2. All questions below must be answered. Please type or print your responses in ink. Write "Not Applicable" if the question does not apply to you.

3. You may recover up to $450 for past No-Cooling Events upon signing the claim form as to each item under oath. You may be able to recover more if you support your claim with proof. To receive the maximum possible recovery, you should support your claim with receipts, invoices, photographs, payment card records, inspection records, insurance records, or any other available proof. Please keep a copy of your claim form and supporting materials you submit. Do not submit your only copy of the supporting documents. Materials submitted will not be returned. Copies of documentation submitted in support of your Claim should be clear and legible.

4. If the settlement administrator has any questions regarding your claim after it is submitted, you will be notified by mail and email. You must respond to any request by the Settlement Administrator for additional information. If you do not respond, the settlement administrator will be unable to process your claim, and you will waive your right to receive money under the Settlement.

5. If you have any questions, please contact the settlement administrator by email at info@lgfridgesettlement.com or by telephone at 1-###-###-####, or send your question to the settlement administrator by U.S. mail using the address above.

6. **You must notify the settlement administrator if your address changes. If you do not, you may not receive your payment.**

### Deadline

Your claim must be submitted to [the settlement administrator] by [deadline].

1

## After You Submit Your Claim

If you submit your claim online at www.LGFridgeSettlement.com or by email, then you will receive an electronic confirmation that your claim has been received.

If you submit your claim by U.S. mail, you will not receive an acknowledgment of receipt from the claims administrator.  If you want to be assured that your claim and supporting materials were received, please use a shipping method that provides delivery confirmation.

It will take several months for the settlement administrator to process your claim. Please check the settlement website for updates. If you are contacted by the settlement administrator, please respond promptly.

<table>
<tr>
<td>

**Your claim must be postmarked by:**

**XXXXXX**
</td>
<td>

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY

*BENTLEY, ET AL. V. LG ELECTRONICS U.S.A., INC.*, NO. 19-CV-13554

(D.N.J.)

# Claim Form
</td>
<td>

**LGR**
</td>
</tr>
</table>

## I.  YOUR CONTACT INFORMATION AND MAILING ADDRESS

Provide your name and contact information below. You must notify the Settlement Administrator if your contact information changes after you submit this form.

| | |
|---|---|
| **First Name** | **Last Name** |

**Street Address**

| | | |
|---|---|---|
| **City** | **State** | **Zip Code** |

| ( )  - | ( )  - | ( )  - |
|---|---|---|
| **Home Phone** | **Cell Phone** | **Work Phone** |

**Email Address**

**Please enter your Notice ID #** [ ] **if you received a Notice by mail or email.**

## II.  INFORMATION ABOUT YOUR LG REFRIGERATOR AND PURCHASE

**Note**: The model number and serial number of your LG Refrigerator appear on the sticker on the inside door of your LG Refrigerator, your owner's manual, purchase receipt, invoices for in-home delivery of your LG Refrigerator, service tickets, repair documents, or certain communications with LG.

**Please provide the information requested below:**

**IF YOU STILL HAVE YOUR LG REFRIGERATOR, TAKE A PICTURE OF THE STICKER ON THE INSIDE DOOR OF YOUR REFRIGERATOR AND SUBMIT IT WITH THIS FORM. THE PHOTOGRAPH WILL SERVE AS YOUR PROOF OF PURCHASE. (PLEASE CHECK THAT THE MODEL NUMBER AND SERIAL NUMBER ARE READABLE). PLEASE ALSO SUBMIT ANY OTHER PROOF OF PURCHASE IF AVAILABLE.**

**OR:**

**IF YOU NO LONGER HAVE YOUR REFRIGERATOR OR IF THE STICKER IS MISSING, PLEASE COMPLETE THE INFORMATION REQUESTED BELOW AND PROVIDE PROOF OF PURCHASE (RECEIPT, INVOICE, REPAIR DOCUMENTS).**

| | |
|---|---|
| | |

**Model Number of Your LG Refrigerator**      **Serial Number of Your LG Refrigerator**

| |
|---|
| |

**Date of Purchase of Your LG Refrigerator (be as specific as possible)**

| |
|---|
| |

**Location / Retailer of Purchase of Your LG Refrigerator**

| | |
|---|---|
| Are you a resident of the U.S. or its territories who purchased an eligible LG Refrigerator from an authorized retailer for household use? | Yes ☐ |
| (The list of eligible models is available on the Notice of Proposed Class Action Settlement and on the settlement website, www.LGFridgeSettlement.com) | No ☐ |
| If you answer **NO** to this question, then please **STOP** as you are not a Settlement Class Member entitled to compensation under the Settlement. | |

## III.  PAYMENT SELECTIONS

Provide responses for each of Section (1-6) below.

| | After purchasing my LG Refrigerator, I experienced at least one or more of the following in connection with a No-Cooling Event on my LG Refrigerator: | Please fill in the blanks if applicable and select one box from each section that applies to you: |
|---|---|---|
| 1. | **Unsuccessful Repairs** My LG Refrigerator had a No-Cooling | Enter the total number of additional No-Cooling Events |

3

Event, which I reported, but even though it was repaired, my LG Refrigerator had at least one more No-Cooling Event.

you experienced with your LG refrigerator after reporting the first No-Cooling event that was repaired: _____

**Select one of the following:**

☐ Not Applicable

☐ I experienced Unsuccessful Repairs as listed below. I claim the default payment.

Enter the approximate date of the first No-Cooling Event on your LG Refrigerator that was unsuccessfully repaired:

__ __ / __ __ / __ __ __ __

Enter the approximate date of each additional No-Cooling Events on your LG Refrigerator after the first unsuccessful repair (attach an additional page if necessary):

__ __ / __ __ / __ __ __ __

Name of the Repair Service Provider:

_____

☐ I experienced Unsuccessful Repairs within 5 years of purchasing my refrigerator and am submitting proof for each of the No-Cooling Events listed below.

Enter the date of the first No-Cooling Event on your LG Refrigerator that was repaired:

__ __ / __ __ / __ __ __ __

Enter the date of each additional No-cooling Events on your LG Refrigerator after the first unsuccessful repair (attach an additional page if necessary):
__ __ / __ __ / __ __ __ __

Name of the Repair Service Provider:

_____

Examples of acceptable proof include **phone records, invoices, bills, repair records, cancelled checks, work orders, photographs, payment records, _etc_**.

4

| 2. | **<u>Delayed Service</u>**<br>I waited more than ten (10) days after the date I first reported a No-Cooling Event to LG before my LG Refrigerator was repaired. (Count of waiting days excludes the date reported and the date repaired.) | **Select one of the following:**<br><br>☐ Not Applicable<br><br>☐ I experienced Delayed Service as listed below and claim the default payment.<br><br>Enter the date that the No-Cooling Event was first reported to LG:<br>__ __ / __ __ / __ __ __ __<br><br>Enter the date of repair:<br>__ __ / __ __ / __ __ __ __<br><br>Name of the Repair Service Provider:<br><br>_____<br><br>☐ I experienced Delayed Service within 5 years of purchasing my refrigerator as listed below and am submitting proof of more than 10 days of repair delay.<br><br>Enter the date that the No-Cooling Event was first reported to LG:<br>__ __ / __ __ / __ __ __ __<br><br>Enter the date of repair:<br>__ __ / __ __ / __ __ __ __<br><br>Name of the Repair Service Provider:<br><br>_____<br><br>If you experienced delays related to more than one No-Cooling Event, please provide the dates applicable to each event.  Attach an additional page if necessary.<br><br>Examples of acceptable proof include **<u>phone records, invoices, bills, repair records, cancelled checks, work orders, photographs, payment records, *etc*</u>.** |

| | | |
|---|---|---|
| 3. | **Labor Cost**<br>I paid for labor for a repair technician to diagnose, estimate, service, or attempt to service my LG Refrigerator following a No-Cooling Event that occurred within 5 years of purchase. | **Select one of the following:**<br><br>☐ Not Applicable<br><br>☐ I paid for labor for a repair technician following a No-Cooling Event and claim the default payment.<br><br>Total amount I paid for Labor Costs: $_____<br><br>Paid to: _____<br><br>☐ I paid labor for a repair technician following a No-Cooling Event and am submitting proof.<br><br>Total amount I paid for Labor Costs: $_____<br><br>Paid to: _____<br><br>Examples of acceptable proof include **invoices, bills, repair records, cancelled checks, work orders, photographs, payment records, *etc.*** |
| 4. | **Payment for Parts**<br>I paid out-of-pocket for parts related to the cooling system of an LG Refrigerator (including a compressor, condenser, connection tube, drier, and evaporator) that were used to repair my LG Refrigerator following a No-Cooling Event. | **Select one of the following:**<br><br>☐ Not Applicable<br><br>☐ I am submitting additional proof of out-of-pocket Payment for Parts:<br><br>Total amount I paid for Parts: $_____<br><br>Paid to: _____<br><br>Examples of acceptable proof include **repair records, invoices, bills, cancelled checks, work orders, photographs, payment records, *etc.*** |

| 5. | **Property Loss or Damage**<br><br>I experienced property loss or damage related to a No-Cooling Event with my LG Refrigerator (including the value of spoiled food, beverages, medicine, or other perishables, or the value of damage to property such as from leaking or repairs) when the No-Cooling Event occurred within 5 years of purchase.<br><br>You can include and add up Property Loss or Damage from multiple No-Cooling Events. | Enter the total amount of Property Loss or Damage here:<br><br>$_____<br><br>Provide a brief description of the property lost or damaged (for example, groceries, beverages, prescription drugs, damage from leaking, damage to floors, etc.) and the approximate dollar amount of each category of loss or damage  (attach an additional page if necessary):<br><br>_____<br>_____<br>_____<br>_____<br><br>**Select one of the following:**<br><br>☐ Not Applicable<br><br>☐ I experienced property loss or damage and claim the default payment (up to the amount of my loss or damage).<br><br>☐ I am submitting additional proof of Property Loss or Damage.<br><br>Examples of acceptable proof include **food and beverage receipts, grocery store receipts, photographs, invoices, bills, repair records, payment records,** *etc.* |
| 6. | **Replacement of LG Refrigerator**<br>I disposed of or replaced my LG Refrigerator because it could not be repaired following a No-Cooling Event that occurred within 5 years of purchase. | **Select one of the following:**<br><br>☐ Not Applicable<br><br>☐ I am submitting proof that my LG Refrigerator's No-Cooling Event could not be repaired, AND consequently, I disposed of or replaced my LG Refrigerator.<br><br>Examples of acceptable proof include **call records, invoices, bills, repair estimate records,  payment records,** *etc.* |

7

## III.  PREVIOUS COMPENSATION FOR NO-COOLING EVENTS

| | |
|---|---|
| If you previously received compensation from LG, its retailers or insurers for No-Cooling Events on your LG Refrigerator, please enter the amount of compensation you received, who provided the compensation, and the date received. | Amount of compensation received:<br><br>$_____<br><br>I received the compensation from:<br><br>_____<br><br>Date compensation received:<br><br>__ __ / __ __ / __ __ __ __ |

## IV.  VERIFICATION AND ATTESTATION UNDER OATH

By signing below and submitting this Claim Form, I hereby swear under oath that I am the person identified above and the information provided in this Claim Form is, to the best of my knowledge, true and correct, and that I have not submitted another claim in connection with this Settlement and know of no other person having done so on my behalf.

_____     Date: _____
Your signature                                                              MM          DD          YYYY

_____
Your name

## <u>REMINDER CHECKLIST</u>

1.  Please check and make sure you answered all the questions on the claim form as requested.

2.  Please check and make sure that you signed and dated the claim form.

3.  If you are requesting payment for items requiring proof, then please remember to enclose copies of the supporting documentation. Supporting proof may include receipts, invoices, photographs, payment card records, inspection records, insurance records, or other reasonable proof.

4.  Please keep a copy of your completed claim form and any supporting documentation for your own records.

5.  If you desire an acknowledgment of receipt of your claim form, please submit your claim form online utilizing the settlement website, www.LGFridgeSettlement.com, or use a form of mailing that will provide you with a return receipt.

6.  If you move or change addresses while your claim is pending, or if the Notice of Settlement was sent to you at an old or incorrect address, please make sure you provide the settlement administrator with your correct updated address to make sure you receive any payment owed to you under the Settlement.

7.   If you have any questions, please first refer to the settlement website, www.LGFridgeSettlement.com. You may also contact the settlement administrator by calling the toll-free number, 1-###-###-####, by email to info@lgfridgesettlement.com, or by writing via U.S. mail addressed to [insert address].

# EXHIBIT 2A

to the Settlement Agreement

(Long Form Notice)

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY**
*BENTLEY, ET AL. V. LG ELECTRONICS U.S.A., INC.*, NO. 19-CV-13554 (D.N.J.)

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

# If You Own an LG Refrigerator, Your Rights May Be Affected by a Class Action Settlement

- You may be eligible for a cash payment if your LG Refrigerator stopped cooling, and you experienced delayed or unsuccessful repairs, replaced your LG Refrigerator or experienced property loss (spoiled food, beverages, medicine, or other perishables, or damage to your property).

- This lawsuit is brought by owners of LG Refrigerators who allege the LG Refrigerators have a defect that causes them to stop cooling. The term "No-Cooling Event" in this Notice means any event when your LG Refrigerator failed to maintain temperature levels necessary to preserve food, beverages, medicine, or other perishables.

- Under the Settlement, owners of LG Refrigerators may submit claims for cash payments for past No-Cooling Events. If you submit a valid and timely claim, you may recover up to $450 (explained below) based upon your attestation under oath. You may recover more if you support your claim with proof. The Settlement also extends the warranties for the LG Refrigerators and requires important changes to LG's customer service procedures.

- You can make a claim online at the Settlement Website, www.lgfridgesettlement.com, or you can submit your claim by email to [insert address] or U.S. mail to [insert address].

- Please read this Notice carefully. Your legal rights will be affected, and you have a choice to make now.

- **The deadline to submit a claim for a cash payment is [insert].**

| SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS | | DEADLINE |
|---|---|---|
| **SUBMIT A CLAIM** | The only way to get a payment for past No-Cooling Events related to your LG Refrigerator. | [Deadline] |
| **EXCLUDE YOURSELF** | Get no payment. This option allows you to keep your right to bring another lawsuit against LG for claims related to this case. If you opt out, you will not be bound by the terms of the Settlement, but you will also not be entitled to submit a claim for benefits from the Settlement. | [Deadline] |

1

| COMMENT ON OR OBJECT TO THE SETTLEMENT AND/OR ATTEND A HEARING | You can write to the Court about why you like or do not like the Settlement, and you may also choose to attend the Final Approval Hearing on [Hearing Date] at which time the Court will decide whether to grant final approval of the Settlement, with or without your own attorney. | [Deadline] |
|---|---|---|
| DO NOTHING | Get no payment. Give up rights. | No Deadline |

- These rights and options—**and the deadlines to exercise them—**are explained below.

- Please note that payments will be made only if the Court grants final approval and the Settlement becomes effective. The date and time of the Final Approval Hearing is subject to modification by the Court so check www.lgfridgesettlement.com for updates.

## WHAT THIS NOTICE CONTAINS

BASIC INFORMATION.................................................................................................................. 2

WHO IS IN THE SETTLEMENT ................................................................................................... 3

THE SETTLEMENT BENEFITS ................................................................................................... 5

HOW TO GET A PAYMENT—MAKING A CLAIM ..................................................................... 9

THE LAWYERS REPRESENTING YOU........................................................................................ 9

EXCLUDING YOURSELF FROM THE SETTLEMENT ............................................................. 10

COMMENTING ON OR OBJECTING TO THE SETTLEMENT ....................................... 11

THE COURT'S FINAL APPROVAL HEARING ....................................................................... 12

IF I DO NOTHING ...................................................................................................................... 12

GETTING MORE INFORMATION............................................................................................. 12

## BASIC INFORMATION

## 1. Why did I get this Notice of Proposed Class Action Settlement?

You received this Notice because you may be a "Settlement Class Member," meaning that you are a U.S. resident and purchased from an authorized retailer (other than for resale) an LG Refrigerator manufactured between January 1, 2014 and December 31, 2017. The list of models included within the Settlement, referred to in this notice as "Covered Models," appears in response to Question 5.

If you purchased a Covered Model and experienced a No-Cooling Event, you may be eligible to receive a cash payment if you submit a claim to the settlement administrator.

The Court overseeing this case authorized this Notice because Settlement Class Members have the right to know about a class action settlement affecting their rights.

The individuals who filed this Litigation are called the Plaintiffs. The company they sued, LG Electronics U.S.A. Inc. ("LG"), is called the Defendant.

## 2. What is this lawsuit about?

Plaintiffs allege they purchased Covered Models that stopped cooling their food and beverages because of a defective compressor part. Plaintiffs allege that LG knew about the defect but kept selling the LG Refrigerators and provided inadequate warranty and repair service. LG denies Plaintiffs' claims. Both parties have agreed to this Settlement and the terms of the Settlement are summarized in this Notice. You can read the Settlement Agreement at www.lgfridgesettlement.com.

## 3. What is a class action?

In a class action, the Plaintiffs act as "class representatives" and file a lawsuit on behalf of themselves and other people who have similar claims. This group of people is called the "class" and the people in the class are the "class members." One court resolves the issues for all class members, except for people who exclude themselves from the class. In this case, the presiding judge is Judge Madeline Cox Arleo of the United States District Court for the District of New Jersey (the federal court in Newark, New Jersey). The case is *Bentley, et al. v. LG Electronics U.S.A., Inc.*, No. 2:19-cv-13554-MCA-MAH (D.N.J.). The Settlement also resolves another case that involves similar allegations, *Sosenko, et al. v. LG Electronics U.S.A., Inc.*, No. 8:19-cv-00610-JLS-ADS (C.D. Cal.).

## 4. Why is there a Settlement?

The Court did not decide in favor of Plaintiffs or LG. The Parties took discovery, engaged in motion practice, and participated in mediation sessions overseen by an experienced mediator, and held numerous settlement conferences. The Settlement avoids the costs and risks of continued litigation and a trial and provides compensation for Settlement Class Members without the delay and uncertainty of trial.  The Class Representatives and their attorneys believe the Settlement is in the best interests of the Settlement Class Members.

### WHO IS IN THE SETTLEMENT

## 5. Who is in the Settlement?

3

You are a Settlement Class Member if you are a U.S. resident and purchased from an authorized retailer (other than for resale) a Covered Model of LG Refrigerator manufactured between January 1, 2014 and December 31, 2017. If you previously signed a release of claims involving a No-Cooling Event on your LG Refrigerator, you are not a Settlement Class Member and are excluded from the Settlement. The Covered Models are the following LG Refrigerator models, with serial number range 401********* to 712*********). This list is also available for reference at the Settlement Website, www.lgfridgesettlement.com):

| LFC28768SB | LFXS29626B | LSFXC2476S |
|------------|------------|------------|
| LFC28768ST | LFXS29626S | LSXC22386D |
| LFC28768SW | LFXS29626W | LSXC22386S |
| LFCS31626S | LFXS29766S | LSXC22396D |
| LFX28968D | LFXS30726S | LSXC22396S |
| LFX28968SB | LFXS30766D | LSXC22426S |
| LFX28968ST | LFXS30766S | LSXS22423B |
| LFX28968SW | LFXS30796D | LSXS22423S |
| LFX29927SB | LFXS30796S | LSXS22423W |
| LFX29927ST | LMXC23746D | LSXS26326B |
| LFX29927SW | LMXC23746S | LSXS26326S |
| LFX29945ST | LMXS27626D | LSXS26326W |
| LFXC24726D | LMXS27626S | LSXS26336D |
| LFXC24726S | LMXS27676D | LSXS26336S |
| LFXC24796D | LMXS30746S | LSXS26336V |
| LFXC24796S | LMXS30776D | LSXS26366D |
| LFXS24623B | LMXS30776S | LSXS26366S |
| LFXS24623D | LPXS30866D | LSXS26386D |
| LFXS24623S | LSFD2491ST | LSXS26386S |
| LFXS24623W | LSFXC2476D | LSXS26396S |
| LFXS24663S | | |

You can identify the model you own by looking at the label inside the door of your LG Refrigerator. Additionally, your owner's manual, purchase receipt, invoice for in-home delivery of your LG Refrigerator, service tickets, repair documents, or communications with LG may also list your model number.

| 6. What should I do if I am still not sure whether I am included? |
| --- |

If you are not sure whether you are included in the Settlement Class, you can ask for free help by emailing the Settlement Administrator at [email address] or calling the Settlement Administrator at [8XX-XXX-XXXX] for more information.

**THE SETTLEMENT BENEFITS**

| 7. What benefits does the Settlement provide? |
| --- |

LG has agreed to pay substantial cash payments to Settlement Class Members who experienced one or more No-Cooling Events as described below, but **to receive a payment, you must submit a claim on or before [insert deadline]**.

To submit a Claim, you must use the form provided with this Notice. You can also get a Claim Form at www.lgfridgesettlement.com. For more information about your claim options, see Question 8 below, as well as the Claim Form and Settlement Agreement available at www.lgfridgesettlement.com.

In addition to paying Settlement Class Members who qualify for a payment, LG has agreed to extend all Settlement Class Members' warranties. If you are a Settlement Class Member, your warranty period will be extended to five years from the date of your purchase and that extension will include all labor costs related to repairs during that time period as well as the additional warranty benefits described below. If your LG Refrigerator stops cooling during that five year period, you may be entitled to additional benefits described in the Settlement Agreement available at www.lgfridgesettlement.com, including reimbursement for repair costs and property loss or damage. Also, until either the date the Settlement becomes effective or one year after the Notice Date—whichever comes first—LG will also provide all Settlement Class Members with free warranty service if your LG Refrigerator stops cooling, even if your original warranty has already expired.

LG will also implement the following seven (7) "Enhanced Customer Care" measures:

1.  LG will create and maintain an LG Refrigerator Customer Care Team to address, on a timely and expedited basis, No-Cooling Events experienced in the future by Settlement Class Members, with live operator support during regular business hours, sufficient to handle call volume without unreasonable delay. To obtain this support, Settlement Class Members who experience a No-Cooling Event at any time after receiving this Notice must contact the LG Refrigerator Customer Care Team to schedule a repair or other service at:

INSERT CONTACT INFORMATION
ADDRESS
TELEPHONE NUMBER

5

EMAIL ADDRESS

2.  LG will increase the number of its Directly-Managed Mobile Service Technicians ("DMSTs"), which has already more than doubled since 2019, and use commercially reasonable best efforts to maintain an adequate service network, expand its nationwide coverage, and ensure that it meets or exceeds industry standards for responding to requests for warranty service related to the LG Refrigerators.

3.  LG will create and maintain a new program designed to provide incentives for faster repair service without sacrificing quality of repair, including a commitment that LG will undertake commercially reasonable best efforts to ensure that a DMST or an Authorized Repair Service Provider (a list of Authorized Repair Service Providers can be found at https://www.lg.com/us and www.lgfridgesettlement.com, as available, arrives at a Settlement Class Member's home as quickly as is practicable, within seven (7) days of receiving the Settlement Class Member's initial request for service, and with all necessary parts on hand.

4.  LG will develop a new mobile service application for the use of service technicians, including both DMST and Authorized Repair Service Providers, to improve accuracy in the diagnosis of problems with LG Refrigerators.

5.  LG will invest in efforts to develop and upgrade parts and software to improve the cooling performance of LG Refrigerators.

6.  LG will implement a proactive consumer outreach program to follow up on U.S. consumers' satisfaction level regarding LG Refrigerators and service performed on them.

7.  LG will enhance its Customer Care to provide Settlement Class Members who experience multiple No-Cooling Events during the extended warranty period cash payments as set forth on the Enhanced Warranty Claim Form (enclosed with this Notice), subject to LG's verification that the cause was not the result of a Non-LG Cause. Settlement Class Members who experience multiple No-Cooling Events in the future will be notified by LG of their eligibility for such cash payments and the amounts of the payments and shall be provided by LG with a copy of the Enhanced Warranty Claim Form (which is also available at www.lgfridgesettlement.com). Payments to Settlement Class Members under this paragraph will be sent directly by LG to qualifying Settlement Class Members no later than 60 days from LG's receipt of an Enhanced Warranty Claim.

## 8. Who can get money from the Settlement, and how much?

If your LG Refrigerator experienced a No-Cooling Event, you can receive cash payments under the Settlement if (a) you paid for parts or labor to have your refrigerator repaired; (b) had unsuccessful repairs; (c) had delayed repairs; (d) suffered property loss or property damage

including the value of any spoiled food, beverages, medicine, or other perishables, or damage to property; and/or (e) replaced your LG Refrigerator after a No-Cooling Event.

You can support your claim with only a statement under oath (in which case you will receive **up to $450** depending on the information supplied on your claim) **OR** you can support your claim with additional proof (in which case you may be eligible to receive greater cash payments). Proof may include receipts, invoices, photographs, payment card records, inspection records, insurance records, or other reasonable documentary proof.  A claim based upon your replacement of your LG Refrigerator after a No-Cooling Event must be supported by proof.

If you have previously received payments from LG, or its retailers or its insurers, for the same No-Cooling Events for which you seek to recover through the claim form, the Settlement Administrator will subtract such previous payments from the total payments to be paid to you under this Settlement.

## SUMMARY OF RECOVERABLE AMOUNTS

**No Additional Proof**: You can make a claim with only a statement under oath without additional proof. You will be eligible for the following cash payments:

- $50 for one or more unsuccessful repairs;
- $100 for out-of-pocket labor costs for repairs;
- $50 for repairs that were delayed by at least 10 days; and
- Up to $250 for property loss (such as food/beverage spoilage or other damages)
- **Total Possible Cash Payment Without Proof: Up to $450.00**

**With Additional Proof**: If you submit a claim form with additional proof, meaning receipts, invoices, photographs, payment card records, inspection records, insurance records, or other reasonable documentary proof, you will be eligible for a larger cash payment, including the following:

- **Parts and Labor**. Up to full reimbursement for payments for labor and parts for repairs attributable to No-Cooling Events that occurred within 5 years of purchase).

- **Unsuccessful Repairs**. Up to $1,000 for unsuccessful repairs by LG or its authorized repair service provider following No-Cooling Events that occurred within 5 years of purchase ($180 for two No-Cooling Events, the amount which shall be reduced to half for a cause not attributable to LG; $500 for three No-Cooling Events; and $1,000 for four or more No-Cooling Events). If you experienced unsuccessful repairs from a *non*-LG authorized repair service provider, you may also submit a claim, which will be paid if the settlement administrator determines that you acted reasonably in seeking repairs from a non-authorized provider (*e.g.*, due to a lack of availability of an LG or authorized repair service provider within a 50-mile radius or based on a statement that an authorized repair service provider was not reasonably available, subject to cross-check with LG's records). If your claim does not qualify, it will be treated as a claim under oath and you will receive $50.

7

- **Delayed Repairs**. Up to $1,000 for delayed repairs by LG or an LG authorized repair service provider following each No-Cooling Event that occurred within five (5) years after the date of your purchase of the LG Refrigerator, as reflected in LG's records or as shown by your proof.  Payments for delayed repairs will be calculated as follows: if the repairs were delayed by ten days (with the initial call receipt date and service date excluded from the count), you will receive $120. The amount will increase by $20 per day (until but not including the service date) for up to 30 days, and by $25 per day for each day thereafter (until but not including the service date) up to a maximum amount of $1,000. If you experienced delayed repairs from a *non*-LG authorized repair service provider, you may also submit a claim which will be paid if the settlement administrator determines that you acted reasonably in seeking repairs from a non-authorized provider (*e.g.*, due to a lack of availability of an LG or authorized repair service provider within a 50-mile radius or based on a statement that an authorized repair service provider was not reasonably available, subject to cross-check with LG's records). If your claim does not qualify, it will be treated as a claim under oath and you will receive $50.

- **Property Loss**. Up to $3,500 for property loss (including the value of spoiled food/beverages/medicines/perishables, or the value of other property that was damaged from the No-Cooling Event);

- **Replacement of LG Refrigerator**. $650 if you  experienced a failure to service or repair the LG Refrigerator following a No-Cooling Event that occurred within five (5) years after the date of purchase and subsequently disposed of or replaced the LG Refrigerator before [Notice Date]. This payment is in lieu of payment for unsuccessful repairs and/or delayed repairs.

To receive the maximum recovery available to you under the Settlement, you must support your claim with receipts, invoices, photographs, payment card records, inspection records, insurance records, or any other available proof.

For information on how to submit a claim, please refer to Question 10 below and the Settlement Website, www.lgfridgesettlement.com.

## 9. What claims am I releasing if I stay in the Settlement Class?

Unless you exclude yourself from the Settlement (*see* Question 16), you cannot sue, continue to sue, or be part of any other lawsuit against LG about the issues in this case relating to the Covered Models of LG Refrigerators and No-Cooling Events. The "Releases" section in the Settlement Agreement describes the legal claims that you release if you remain in the Settlement Class. The Settlement Agreement can be found at www.lgfridgesettlement.com.

### HOW TO GET A PAYMENT—MAKING A CLAIM

| **10. How do I submit a claim and get a cash payment?** |
|---|

In order to be eligible to receive a cash payment related to a past No-Cooling Event, you must complete and submit a valid and timely claim. There are three (3) ways to do so. Your claim and supporting documentation may be submitted:

(a) online at www.lgfridgesettlement.com by following the instructions on how to submit a claim;

(b) by email to the settlement administrator using the email address [insert email address]; or

(c) by U.S. mail to the settlement administrator using the address: [insert address].

You can contact the settlement administrator to request a claim form by telephone [8XX-XXX-XXXX], email [email address], or U.S. mail at [insert address].

**You should complete and submit your claim as soon as possible if you believe you are entitled to a payment under the Settlement.**

| **11. What is the deadline for submitting a claim?** |
|---|

Claims must be submitted electronically or postmarked no later than [DATE].

| **12. When will I get my payment?** |
|---|

The Court will hold a Final Approval Hearing on [DATE], to decide whether to approve the Settlement. Updates about when payments will be made will be posted at www.lgfridgesettlement.com.

### THE LAWYERS REPRESENTING YOU

| **13. Do I have a lawyer in the case?** |
|---|

Yes. The Court appointed Daniel C. Girard of Girard Sharp LLP and Shanon J. Carson of Berger Montague PC to represent you and the Settlement Class. These attorneys are called Class Counsel and their contact information is below. You will not be charged for their services.

| | |
|---|---|
| Daniel Girard | Shanon J. Carson |
| Adam Polk | Amey Park |
| Simon Grille | John ("Quinn") Kerrigan |

9

Girard Sharp
601 California Street, Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
Email: LGSettlement@girardsharp.com

Berger Montague PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 875-4701
Email: LGSettlement@bm.net

## 14. Should I get my own lawyer?

You do not need to hire your own lawyer because Co-Lead Class Counsel works for you. If you want your own lawyer, you may hire one but are responsible for paying that lawyer.

## 15. How will the lawyers be paid?

Class Counsel, who have not been paid for their services in this litigation since it began, will seek an award of up $375,000 as reimbursement for litigation costs that they advanced in pursuing the Litigation, to be paid separately by LG. Class Counsel will also seek attorneys' fees of $5.5 million, plus an additional sum equal to one-third of the amount claimed by Class members, excluding the first 16,500 claims. The fees will compensate Class Counsel for investigating the facts, prosecuting the Litigation, and negotiating and administering the Settlement. The fees and expenses paid to Class Counsel will not reduce the benefits available under the Settlement.

Class Counsel will also ask the Court to approve service award payments of $2,000 to each of the Class Representatives. If approved, these service awards will be paid by LG separately from all Claims under the Settlement.

EXCLUDING YOURSELF FROM THE SETTLEMENT

## 16. How do I opt out of the Settlement?

If you do not want to receive any benefits from the Settlement, and you want to keep your right, if any, to sue LG on your own about the legal issues in this case, then you must take steps to exclude yourself from the Settlement Class. This is called "opting out" of the Settlement Class. The deadline for requesting exclusion from the Settlement is [DATE]. To opt out, you must send a letter to the Settlement Administrator that includes the following to [insert address]:

- Your name, address, telephone number, and email address;
- A statement that "I wish to exclude myself from the Settlement Class in the LG Refrigerator Class Action Settlement" (or substantially similar clear and unambiguous language); and
- Your signature.

If you opt out of the Settlement, you will not have any rights as a Settlement Class Member under the Settlement; you will not receive any payment under the Settlement; you will not receive the

warranty extensions under the Settlement; you will not be bound by any further orders or judgments in the Litigation; and you will keep the right to sue on your claims at your own expense.

COMMENTING ON OR OBJECTING TO THE SETTLEMENT

### 17. How do I tell the Court if I object to the Settlement (or like the Settlement)?

If you are a Settlement Class Member and do not opt out of the Settlement, you can comment on the Settlement or submit an objection. You cannot ask the Court to order a larger or different settlement; the Court can only approve or deny the Settlement that is before the Court. If the Court denies final approval of the Settlement, there will be no payments and the case will continue.

If you want to object to the Settlement, you must do so in writing. You may also appear at the Final Approval Hearing, either in person or through your own attorney, at your own expense.

To object, you must mail a statement to the Settlement Administrator stating that you object to the Settlement in *Bentley et al. v. LG Electronics U.S.A., Inc.*, No. 2:19-cv-13554-MCA-MAH (D.N.J.), and your objection must include:

- Your name, address, telephone number, email address, and signature;
- Accompanying evidence demonstrating that you are a Settlement Class Member, including the address of the building that contains or contained your Covered Model of LG Refrigerator and documentary proof that you purchased a Covered Model;
- A detailed statement of your objection, including the grounds for it together with any evidence you think supports it;
- A statement of the specific aspect(s) of the Settlement being challenged and whether the objection applies only to you, to a subset of the class, or to the whole Settlement Class; and
- A statement of whether you and/or your lawyer intend to appear at the Final Approval Hearing.

To be valid, you must mail your objection by U.S. Mail and it must be postmarked no later than [insert deadline] to [settlement administrator address].

### 18. What is the difference between objecting and excluding?

Objecting is telling the Court that you do not like something about the Settlement. You can object to the Settlement only if you do not exclude yourself from the Settlement. Excluding yourself from the Settlement is opting out and telling the Court that you do not want to be part of the Settlement. If you opt out of the Settlement, you cannot object to it because it no longer affects you. You cannot both opt out <u>and</u> object to the Settlement. Any statement or submission purporting or appearing to be both an objection and opt-out shall be treated as a request for exclusion.

## THE COURT'S FINAL APPROVAL HEARING

### 19. When is the Court's Final Approval Hearing?

The Court will hold a Final Approval Hearing at [time] on [date], in Courtroom MLK 4A of the Newark, New Jersey federal courthouse, 50 Walnut Street, Room 4015, Newark, NJ 07101. At the Final Approval Hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. The Court will also consider Class Counsel's motion for attorneys' fees, expenses, and service awards.

The Court may reschedule the Final Approval Hearing or change any of the deadlines described in this Notice. Be sure to check the Settlement Website, www.lgfridgesettlement.com, for any changes. You can also access the case docket via the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.njd.uscourts.gov.

### 20. Do I have to come to the Final Approval Hearing?

No. Class Counsel will answer any questions the Court may have. You may attend at your own expense if you wish. If you send an objection, you do not have to come to the Final Approval Hearing to talk about it. If you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

## IF I DO NOTHING

### 21. What happens if I do nothing at all?

If you do nothing, you will receive no money from this Settlement, but you will get the warranty extensions and access to the LG Enhanced Customer Care benefits, and you will not be able to sue LG for the conduct alleged in this case.

## GETTING MORE INFORMATION

### 22. Are more details about the Settlement available?

Yes. This Notice summarizes the proposed Settlement—more details are set forth in the Settlement Agreement. You can get a copy of those documents at www.lgfridgesettlement.com, by contacting Class Counsel at lgsettlement@girardsharp.com or lgsettlement@bm.net, by accessing the docket in this case through the court's Public Access to Court Electronic Records (PACER) system at https://ecf.njd.uscourts.gov, or, subject to COVID-19 closures, by visiting the office of the Clerk of the Court for the United States District Court for District of New Jersey, Martin Luther King Building & U.S. Courthouse, 50 Walnut Street, Room 4015, Newark, NJ 07101, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding court holidays.

PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.

| **23. How do I get more information?** |
| --- |

The Settlement Website, www.lgfridgesettlement.com, contains all relevant information about the Settlement, as well as all relevant documents such as the Claim Form and Enhanced Warranty Claim Form. You can also call or write to the Settlement Administrator at [insert address]:

You can also request assistance from Class Counsel using the contact information set forth above.

Dated: _____, 2020                   By Order of the Court

_____
THE HONORABLE MADELINE COX ARLEO
UNITED STATES DISTRICT JUDGE

13

# EXHIBIT 2B

to the Settlement Agreement

(Short Form Notice)

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

*BENTLEY, ET AL. V. LG ELECTRONICS U.S.A., INC.*, NO. 19-CV-13554 (D.N.J.)

*A court authorized this notice. This is not a solicitation from a lawyer.*

A settlement has been reached with LG in a class action lawsuit brought by owners of LG Refrigerators who allege that LG Refrigerators have a defect that causes them to stop cooling. LG denies these claims. You may be eligible for a cash payment if your LG Refrigerator stopped cooling, and you paid for repairs, experienced delayed or unsuccessful repairs, replaced your LG Refrigerator or experienced property loss, including spoiled perishables.

### WHO IS INCLUDED?

You are a member of the class if you are a U.S. resident and purchased from an authorized retailer (other than for resale) an LG Refrigerator manufactured between January 1, 2014 and December 31, 2017. A list of eligible models is available at the Settlement Website, www.lgfridgesettlement.com. If you previously signed a release of claims involving a cooling system failure on your LG Refrigerator, you are excluded from the Settlement.

### WHAT CAN I GET?

You can receive money by making a claim if you are a member of the class and if (a) you paid for parts or labor to have your refrigerator repaired; (b) had unsuccessful repairs; (c) had delayed repairs; (d) suffered property loss or property damage including the value of any spoiled food, beverages, medicine, or other perishables, or damage to property; and/or (e) replaced your LG Refrigerator after it stopped cooling. You can receive up to $450 without documentation supporting your claim and you may receive more if you have documentation. In addition, if you are a member of the class, LG has agreed under the Settlement to extend your warranty period to five years from the date of your purchase. The extended warranty will cover parts and labor costs related to cooling-system failures.

### DO I HAVE TO SUBMIT A CLAIM?

In order to receive money from this settlement, you must submit a completed claim form by [date]. If you are a member of the class, you can submit a claim form at www.lgfridgesettlement.com. You may also contact the Settlement Administrator to request a paper claim form by telephone at 1-XXX-XXX-XXXX, by email at [email address] or U.S. mail at [insert address]. You may submit your claim form online, by email or by mail.

### YOUR OTHER OPTIONS

If you wish to be excluded from the Settlement class, you must submit your exclusion request online or mail your written exclusion request by [date]. If you submit a claim form or do nothing, you will be bound by the Settlement terms and the orders issued by the Court concerning the Settlement. If you do not exclude yourself from the Settlement class, you may object to the Settlement by submitting a written objection by [date]. For specific information on how to submit a written exclusion request or objection, and the requirements for each, please visit www.lgfridgesettlement.com.

### THE COURT'S FINAL APPROVAL HEARING

The Court will hold a hearing on [hearing date] to consider whether to approve the settlement, and to consider requests by Class Counsel for attorneys' fees and costs and for service awards for the representative class plaintiffs. The date and/or time of the hearing may change. Please check www.lgfridgesettlement.com for updates.

### FOR ADDITIONAL INFORMATION ABOUT THE SETTLEMENT

**THIS IS ONLY A SUMMARY**. For more information regarding your rights and options, visit the Settlement Website: www.lgfridgesettlement.com. You may also call toll-free 1-XXX-XXX-XXXX, or write to: [insert address].

**For a copy of the Settlement Agreement or Claim Form, visit www.lgfridgesettlement.com or Call Toll-Free 1-XXX-XXX-XXXX.**

# EXHIBIT 3

to the Settlement Agreement

(Future Relief Payment Schedule)

**Enhanced Customer Care Program – Payments for No-Cooling Events**

Pursuant to Paragraph A.1.u of the Settlement Agreement, Settlement Class Members that experience a No-Cooling Event during the warranty period as extended by the Settlement Agreement shall receive payments under the following categories, subject to LG's verification that the cause was not the result of a Non-LG Cause:

(i)     Settlement Class Members who experience three (3) or more No-Cooling events shall receive at a minimum $500 up to the purchase price (considering usage period);

(ii)    Settlement Class Members who experience a delay of more than thirty (30) days for a repair by LG or an Authorized Repair Service Provider shall receive at a minimum $400, up to the purchase price (considering usage period); and

(iii)   Property Loss will be reimbursed up to $3,500, upon submission of reasonable proof.

# EXHIBIT 4

to the Settlement Agreement

(Enhanced Warranty Claim Form)

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY**

*BENTLEY, ET AL. V. LG ELECTRONICS U.S.A., INC.*, NO. 19-CV-13554 (D.N.J.)

## ENHANCED WARRANTY CLAIM FORM

## TO RECEIVE PAYMENTS RELATED TO LG REFRIGERATOR COOLING ISSUES
*OCCURRING AFTER [Insert Notice Date]*

## INSTRUCTIONS

This Enhanced Warranty Claim Form is for LG Refrigerator owners who have experienced a No-Cooling Event ***after*** [insert notice date]. A "No-Cooling Event" is described in the attached Notice of Proposed Class Action Settlement. You may be eligible for benefits from LG as a result of a class action settlement.

If you experienced a No-Cooling Event ***before*** [insert notice date], please **do not use this Enhanced Warranty Claim Form**. Instead, use the Claim Form available at www.LGFridgeSettlement.com.

To receive a payment for a No-Cooling Event ***after*** [insert notice date], you may complete and submit this form directly to LG following the directions below.

**For a full description of available benefits and eligible models, visit www.LGFridgeSettlement.com.**

### How To Complete This Enhanced Warranty Claim Form

1. There are two ways to submit this claim form to LG: (a) by email to [insert email address]; or (b) by U.S. Mail sent to the following address: [insert address]. If you submit your claim by U.S. mail, make sure to include the completed and signed claim form and all supporting materials in one envelope.

2. All questions below must be answered. Please type or print your responses in ink. Write "Not Applicable" if the question does not apply to you.

3. You must support your Enhanced Warranty claim with documentary proof. To receive the maximum possible recovery, you should support your Enhanced Warranty claim with all available receipts, invoices, photographs, payment card records, inspection records, insurance records, or any other available proof. Please keep a copy of your claim form and supporting materials you submit. Do not submit your only copy of the supporting documents. Materials submitted will not be returned. Copies of documentation submitted in support of your Enhanced Warranty claim should be clear and legible.

4. If LG has any questions regarding your claim after it is submitted, you will be notified by phone or email. You must respond to any request by LG for additional information. If you do not respond, LG may be unable to process your claim, and you may waive your right to receive money under the Settlement.

5. If you have any questions, please contact LG by email at [insert email address] or by telephone at 1-###-###-####, or send your question to LG by U.S. mail to the following address: [insert address].

6. **You must notify LG if your address changes. If you do not, you may not receive your payment.**

1

### Deadline

Your Enhanced Warranty claim must be submitted to LG within five (5) years after the date you purchased your LG Refrigerator.

### After You Submit Your Enhanced Warranty Claim

If you submit your claim by email, then you will receive an electronic confirmation that your claim has been received.

If you submit your claim by U.S. mail, you will not receive an acknowledgment of receipt from LG.  If you want to be assured that your claim and supporting materials were received, please use a shipping method that provides delivery confirmation.

LG will make payment within 60 days from the receipt of your Enhanced Warranty claim, provided that you submitted supporting documentation for your claim. If you are contacted by LG for additional information, please respond promptly.

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY
*BENTLEY, ET AL. V. LG ELECTRONICS U.S.A., INC.*, NO. 19-CV-13554
(D.N.J.)

# Enhanced Warranty Claim Form

---

## I.  YOUR CONTACT INFORMATION AND MAILING ADDRESS

Provide your name and contact information below. You must notify LG if your contact information changes after you submit this form.

| | |
|---|---|
| **First Name** | **Last Name** |

**Street Address**

| | | |
|---|---|---|
| **City** | **State** | **Zip Code** |

| ( ) - | ( ) - | ( ) - |
|---|---|---|
| **Home Phone** | **Cell Phone** | **Work Phone** |

**Email Address**

## II.  INFORMATION ABOUT YOUR LG REFRIGERATOR AND PURCHASE

<u>**Note**</u>: The model number and serial number of your LG Refrigerator appear on the sticker on the inside door of your LG Refrigerator, your owner's manual, purchase receipt, invoices for in-home delivery of your LG Refrigerator, service tickets, repair documents, or certain communications with LG.

**Please provide the information requested below:**
**TAKE A PICTURE OF THE STICKER ON THE INSIDE DOOR OF YOUR REFRIGERATOR AND SUBMIT IT WITH THIS FORM. (PLEASE CHECK THAT THE MODEL NUMBER AND SERIAL NUMBER ARE READABLE). PLEASE ALSO PROVIDE PURCHASE INFORMATION BELOW AND SUBMIT ANY OTHER PROOF OF PURCHASE IF AVAILABLE.**

| | |
|---|---|
| **Model Number of Your LG Refrigerator** | **Serial Number of Your LG Refrigerator** |

**Date of Purchase of Your LG Refrigerator (be as specific as possible)**

3

| |
|---|

**Location / Retailer of Purchase of Your LG Refrigerator**

---

| | |
|---|---|
| Are you a resident of the U.S. or its territories who purchased an eligible LG Refrigerator from an authorized retailer for household use?<br><br>(The list of eligible models is available on the Notice of Proposed Class Action Settlement and on the settlement website, www.LGFridgeSettlement.com)<br><br>If you answer **NO** to this question, then please **STOP** as you are not a Settlement Class Member entitled to compensation under the Settlement. | Yes ☐<br><br>No ☐ |

## III.  PAYMENT SELECTIONS

Provide responses for each of Section (1-3) below.

| | After [insert notice date], and within five (5) years from purchasing my LG Refrigerator, I experienced one or more of the following in connection with a No-Cooling Event on my LG Refrigerator: | Please fill in the blanks if applicable and select one box from each section that applies to you: |
|---|---|---|
| 1. | **Unsuccessful Repairs**<br>My LG Refrigerator had two No-Cooling Events, both of which were reported and serviced, but even though it was serviced  **twice**, my LG Refrigerator had at least one more No-Cooling Event. | Enter the total number of No-Cooling Events you experienced with your LG Refrigerator: _____<br><br>**Select one of the following:**<br><br>☐ Not Applicable<br><br>☐ I experienced one or more additional No-Cooling Event(s), after two Unsuccessful Repairs within 5 years of purchasing my refrigerator and am submitting proof for each of the No-Cooling Events listed below.<br><br>Enter the date of all No-Cooling Events on your LG Refrigerator: (attach an additional page if necessary):<br><br>__ __ / __ __ / __ __ __ __<br><br>__ __ / __ __ / __ __ __ __<br><br>__ __ / __ __ / __ __ __ __ |

|  |  | Name of the Repair Service Provider(s): <br><br> _____ <br><br> Examples of acceptable proof include **phone records, invoices, bills, repair records, cancelled checks, work orders, photographs, payment records,** *etc.* |
|---|---|---|
| 2. | **Delayed Service** <br> I waited more than thirty (30) days after the date I first reported a No-Cooling Event to LG before my LG Refrigerator was repaired. (Count of waiting days excludes the date reported and the date repaired.) | **Select one of the following:** <br><br> ☐ Not Applicable <br><br> ☐ I experienced Delayed Service within 5 years of purchasing my refrigerator as listed below and am submitting proof of more than 30 days of repair delay. <br><br> Enter the date that the No-Cooling Event was first reported to LG: <br> __ __ / __ __ / __ __ __ __ <br><br> Enter the date of repair: <br> __ __ / __ __ / __ __ __ __ <br><br> Name of the Repair Service Provider: <br><br> _____ <br><br> If you experienced delays related to more than one No-Cooling Event, please provide the dates applicable to each event.  Attach an additional page if necessary. <br><br> Examples of acceptable proof include **phone records, invoices, bills, repair records, cancelled checks, work orders, photographs, payment records,** *etc.* |

| 3. | **Property Loss or Damage**<br>I experienced property loss or damage related to a No-Cooling Event with my LG Refrigerator (including the value of spoiled food, beverages, medicine, or other perishables, or the value of damage to property such as from leaking or repairs) when the No-Cooling Event occurred within 5 years of purchase.<br><br>You can include and add up Property Loss or Damage from multiple No-Cooling Events. | Enter the total amount of Property Loss or Damage here:<br><br>$_____<br><br>Provide a brief description of the property lost or damaged (for example, groceries, beverages, prescription drugs, damage from leaking, damage to floors, etc.) and the approximate dollar amount of each category of loss or damage  (attach an additional page if necessary):<br><br>_____<br>_____<br>_____<br>_____<br><br>**Select one of the following:**<br><br>☐ Not Applicable<br><br>☐ I am submitting proof of Property Loss or Damage.<br><br>Examples of acceptable proof include **food and beverage receipts, grocery store receipts, photographs, invoices, bills, repair records, payment records, *etc*.** |

## III.  VERIFICATION AND ATTESTATION UNDER OATH

By signing below and submitting this Enhanced Warranty Claim Form, I hereby swear under oath that I am the person identified above and the information provided in this Enhanced Warranty Claim Form is, to the best of my knowledge, true and correct, and that I have not submitted another claim in connection with this Settlement and know of no other person having done so on my behalf.

_____          Date: _____
Your signature                                                              MM          DD          YYYY

_____
Your name

## **REMINDER CHECKLIST**

1.  Please check and make sure you answered all the questions on the Enhanced Warranty Claim Form as requested.

2. Please check and make sure that you signed and dated the Enhanced Warranty Claim Form.

3. Remember to enclose copies of the supporting documentation. Supporting proof may include receipts, invoices, photographs, payment card records, inspection records, insurance records, or other reasonable proof.

4. Please keep a copy of your completed Enhanced Warranty Claim Form and any supporting documentation for your own records.

5. If you desire an acknowledgment of receipt of your Enhanced Warranty Claim Form, please submit your claim form by email to [insert email address], or use a form of mailing that will provide you with a return receipt.

6. If you move or change addresses while your claim is pending, please make sure you provide LG with your correct updated address to make sure you receive any payment owed to you under the Settlement's Enhanced Customer Care Program.

7. If you have any questions, please first refer to the settlement website, www.LGFridgeSettlement.com. You may also contact LG by email at [insert email address] or by telephone at 1-###-###-####, or send your question to by U.S. mail to the following address: [insert address].

# EXHIBIT 5

to the Settlement Agreement

(List of Covered Models)

**Covered Models**

Covered Models refer to the following listed models produced between January 1, 2014 and December 31, 2017.

| Model Number | Serial Number Range |
|---|---|
| LFC28768* | 401********* to 712********* |
| LFCS31626* | 401********* to 712********* |
| LFX28968* | 401********* to 712********* |
| LFX29927* | 401********* to 712********* |
| LFX29945* | 401********* to 712********* |
| LFXC24726* | 401********* to 712********* |
| LFXC24796* | 401********* to 712********* |
| LFXS24623* | 401********* to 712********* |
| LFXS24663* | 401********* to 712********* |
| LFXS29626* | 401********* to 712********* |
| LFXS29766* | 401********* to 712********* |
| LFXS30726* | 401********* to 712********* |
| LFXS30766* | 401********* to 712********* |
| LFXS30796* | 401********* to 712********* |
| LMXC23746* | 401********* to 712********* |
| LMXS27626* | 401********* to 712********* |
| LMXS27676* | 401********* to 712********* |
| LMXS30746* | 401********* to 712********* |
| LMXS30776* | 401********* to 712********* |
| LPXS30866* | 401********* to 712********* |
| LSFD2491* | 401********* to 712********* |
| LSFXC2476* | 401********* to 712********* |
| LSXC22386* | 401********* to 712********* |
| LSXC22396* | 401********* to 712********* |
| LSXC22426* | 401********* to 712********* |
| LSXS22423* | 401********* to 712********* |
| LSXS26326* | 401********* to 712********* |
| LSXS26336* | 401********* to 712********* |
| LSXS26366* | 401********* to 712********* |
| LSXS26386* | 401********* to 712********* |
| LSXS26396* | 401********* to 712********* |

# EXHIBIT 6

to the Settlement Agreement

(Proposed Preliminary Approval Order)

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL BENTLEY, *et al*., on behalf of themselves and all others similarly situated,<br><br>          Plaintiffs,<br><br>     v.<br><br>LG ELECTRONICS U.S.A., INC.<br><br>          Defendant. | Case No. 2:19-cv-13554-MCA-MAH (consolidated with Case Nos. 2:19-cv-15185-MCA-MAH, 2:19-cv-15826-MCA-MAH, and 2:20-cv-07652-MCA-MAH)<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND PROVIDING FOR NOTICE** |

WHEREAS, Plaintiffs Terry Driscoll, Cheryl Ervin, Leah Scala Israel, Sarah Johnson, Sam Lee, Patrick Romano, Carlos Stocco, Diane Terry, and Michael Burrage ("Plaintiffs") and Defendant LG Electronics America, Inc. ("LG" or "Defendant") entered into a Settlement Agreement on July 21, 2020, which, together with the Exhibits annexed thereto ("Settlement" or "Settlement Agreement"), sets forth the terms and conditions for a proposed settlement of this Litigation and for its dismissal with prejudice upon the terms and conditions set forth therein;

WHEREAS, Plaintiffs and Defendant are collectively referred to herein as the "Parties";

WHEREAS, the Litigation includes this action and *Sosenko, et al. v. LG*

*Electronics U.S.A., Inc.*, No. 8-19-cv-00610-JLS (ADSx) (C.D. Cal.), and the

Court in *Sosenko* entered the Parties' stipulation to transfer that action to this

Court under 28 U.S.C. § 1404 for the purpose of considering the proposed

Settlement of the Litigation;

WHEREAS, the Parties have submitted substantial evidence that the

Settlement was the product of informed, arm's-length negotiations, including in

two in-person mediation sessions overseen by Hon. Jay Gandhi (Ret.) of JAMS;

WHEREAS, at the time the Parties entered into the Settlement Agreement,

the pleadings in *Sosenko* were settled after the Court granted in part and denied in

part LG's motion to dismiss (*see* 2019 WL 6118355), and the Parties had litigated

multiple motions to compel discovery and taken substantial discovery on the

merits of the claims and defenses, including through production and review of

thousands of documents, analysis of LG's sales, service, and pricing data,

deposition practice, extensive non-party discovery, retention of technical and

economic experts, product testing, and analysis of evidence relevant to class

certification issues;

WHEREAS, Plaintiffs have moved this Court for an order (i) preliminarily

approving the Settlement under Federal Rule of Civil Procedure 23, (ii) finding

that the Court will likely be able to certify the Settlement Class after the Final

2

Approval Hearing, and (iii) directing notice as set forth herein;

WHEREAS, Defendant does not oppose this request;

WHEREAS, the Court is familiar with and has reviewed the record, the Settlement Agreement, Plaintiffs' Notice of Motion and Motion for Preliminary Approval of Class Action Settlement, and Memorandum of Points and Authorities in Support Thereof, and the supporting Declarations, and has found good cause for entering this Order;

WHEREAS, unless otherwise specified, all capitalized terms used herein have the same meanings as set forth in the Settlement Agreement;

NOW THEREFORE, it is hereby ORDERED and ADJUDGED as follows:

## Provisional Certification of the Settlement Class

1.      The Court finds, upon preliminary evaluation and for purposes of the Settlement only, that the Court will likely be able to certify the following class pursuant to Federal Rule of Civil Procedure 23:

> All Persons in the United States who purchased from an authorized retailer, other than for resale, a Covered Model[1] of LG Refrigerator produced between January 1, 2014 and December 31, 2017.

---

[1] A list of Covered Models is annexed to the Settlement Agreement as Exhibit 5 and shall also be provided in the Notice and at the dedicated Settlement Website identified in the Notice.

Persons who previously executed a release of claims in favor of LG with respect to the Released Claims are excluded from the Settlement Class.

2.     The Court preliminarily concludes, for purposes of the Settlement only, that the requirements of Federal Rules of Civil Procedure 23(a) and (b)(3) are likely to be satisfied for the Settlement Class. In support of this conclusion, the Court provisionally finds as follows:

a.     The number of Settlement Class Members is too numerous for their joinder to be practicable, as at least tens of thousands of Persons purchased the refrigerators at issue.

b.     There are questions of law and fact common to the Settlement Class, and these common questions predominate over individualized questions for settlement purposes. The common questions include whether the LG Refrigerators are defective; whether LG had a duty to disclose an alleged defect in the LG Refrigerators; whether the allegedly concealed information would have been material to a reasonable consumer; and whether class members sustained harm as a direct and proximate result of LG's conduct.

c.     Plaintiffs' claims are typical of the claims of the Settlement Class in that each of the claims arises from alleged violations of consumer and

4

warranty laws with regard to the same alleged product defect and course of conduct.

        d.    Plaintiffs are adequate class representatives, whose interests in this matter are aligned with those of the other Settlement Class Members. Proposed Co-Lead Class Counsel—Daniel C. Girard of Girard Sharp LLP and Shanon J. Carson of Berger Montague PC—are experienced in prosecuting consumer class actions, have committed the necessary resources to represent the Settlement Class, and are hereby appointed as Co-Lead Class Counsel.

        e.    A class action is a superior method for the fair and efficient resolution of the Litigation.

## Preliminary Approval of the Settlement

3.    The Settlement is the product of non-collusive arm's-length negotiations between experienced counsel who were well informed of the strengths and weaknesses of the Litigation, including through discovery and motion practice, and whose settlement negotiations included mediation sessions supervised by Hon. Jay Gandhi (Ret.). The Settlement confers substantial benefits upon the Settlement Class and avoids the costs, uncertainty, delays, and other risks associated with continued litigation, trial, and/or appeal. The consideration provided to the Settlement Class under the Settlement falls within the range of

possible recovery, compares favorably with the potential recovery when balanced against the risks of continued litigation, does not grant preferential treatment to Plaintiffs, their counsel, or any subgroup of the Settlement Class, and has no obvious deficiencies. In addition to substantial monetary consideration, the Settlement provides the Class with valuable prospective relief in the form of warranty extensions and modifications to LG's customer service protocols and procedures.

4.     The Court thus preliminarily approves the Settlement, as memorialized in the Settlement Agreement, as fair, reasonable, and adequate and in the best interest of Plaintiffs and the other Settlement Class Members, subject to further consideration at the Final Approval Hearing to be conducted as described below.

**Manner and Form of Notice**

5.     The Court approves the Notice substantially in the forms attached as Exhibits 2(a) and 2(b) to the Settlement Agreement. The proposed Notice Plan as set forth in the Settlement Agreement, which includes direct and publication notice, will provide the best notice practicable under the circumstances. The Notice Plan and the proposed Settlement Notice as set forth in the Settlement Agreement are reasonably calculated, under the circumstances, to apprise

Settlement Class Members of the pendency of the Litigation, the effect of the proposed Settlement (including on the Released Claims), the anticipated motion for attorneys' fees, costs, and expenses and for service awards, and their rights to participate in, opt out of, or object to any aspect of the proposed Settlement; constitute due, adequate and sufficient notice to Settlement Class Members; and satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and all other applicable laws and rules. The date and time of the Final Approval Hearing shall be included in the Notice of Settlement before dissemination and on the Settlement Website.

6.     The Court hereby appoints Angeion Group to serve as the Settlement Administrator to supervise and administer the notice procedures, establish and operate the Settlement Website and a toll-free number, administer the claims processes, determine the eligibility of claims, distribute cash payments according to the processes and criteria set forth in the Settlement Agreement, and perform any other duties of the Settlement Administrator that are reasonably necessary or provided for in the Settlement Agreement.

7.     All reasonable expenses incurred in identifying and notifying Settlement Class Members, as well as in administering all aspects of the Settlement, shall be paid by LG as set forth in the Settlement Agreement. In the

event the Settlement is not approved by the Court or otherwise fails to become effective, the Settlement Administrator shall not be obligated to repay amounts received from or owed by LG for notice and settlement administration.

8.     The Court approves, as to form and content, the Claim Form and Notice of Settlement annexed to the Settlement Agreement at Exhibits 1 and 2, respectively, and finds that the distribution, publication, and mailing of the Notice of Settlement, substantially in the manner and form set forth in this Order, meet the requirements of due process and Federal Rule of Civil Procedure 23, constitute the best notice practicable under the circumstances, and will provide due and sufficient notice to all persons entitled thereto.

9.     Within 20 days after entry of this Order (the "Notice Date"), the Settlement Administrator shall mail, first-class postage prepaid, and email the Notice of Settlement and Claim Form, substantially in the form annexed to the Settlement Agreement, to all Settlement Class Members who have been and can be identified with reasonable effort, in addition to all LG direct customers, authorized retailers, and authorized repair companies with respect to the LG Refrigerators.

10.     By the Notice Date, as set forth in the Settlement Agreement, the Settlement Administrator shall also implement the publication notice, cause

publication of the joint press release to occur, establish the Settlement Website and post the Notice of Settlement and Claim Form thereon, and establish the toll-free telephone number.

**Deadlines for Settlement Class Members to Exercise Their Rights**

11.    Settlement Class Members who wish to participate in the Settlement shall complete and submit a Claim Form in accordance with the instructions contained therein. All Claim Forms must be postmarked or submitted electronically within 130 days after entry of this Order as set forth in the Settlement Agreement. Late Claims submitted prior to the entry of the Final Approval Order and Judgment may be considered and paid if deemed appropriate by the Settlement Administrator.

12.    Any objections or exclusion requests by Class Members must be postmarked within 60 days of the Notice Date (the "Objection and Opt-Out Deadline") and comply with all other applicable requirements set forth in the Settlement Agreement.

13.    The dates provided for herein may be extended by Order of the Court, for good cause shown, without further notice to the Settlement Class.

**The Final Approval Hearing**

14.    The Court will hold a Final Approval Hearing on

_____, 2020 [no earlier than 115 days after entry of this Order],

at the United States District Court for the District of New Jersey, Martin Luther

King Building & U.S. Courthouse, 50 Walnut Street, Newark, NJ 07102, for the

following purposes: (i) to finally determine whether the Settlement Class satisfies

the applicable requirements for certification under Federal Rules of Civil

Procedure 23(a) and 23(b)(3); (ii) to determine whether the Settlement should be

finally approved as fair, reasonable, and adequate and in the best interests of the

Settlement Class; (iii) to consider Class Counsel's application for an award of

attorneys' fees, costs, and expenses and for service awards to the representative

Plaintiffs; and (iv) to consider any other matters that may properly be brought

before the Court in connection with the Settlement.

15.     Class Counsel's application for an award of attorneys' fees, expenses,

and costs and for service awards will be considered separately from the fairness,

reasonableness, and adequacy of the Settlement. Any appeal from an order

relating solely to Class Counsel's application for an award of attorneys' fees,

costs, and expenses, and/or to Class Counsel's application for service awards, or

any reversal or modification of any such order, shall not operate to terminate or

cancel the Settlement or to affect or delay the finality of a judgment approving the

Settlement.

16.    Class Counsel's motion for attorneys' fees, costs, and expenses, and application for Plaintiffs' service awards shall be filed no later than 30 days prior to the Opt Out and Objection deadline. Class Counsel's motion for final approval of the Settlement shall be filed no later than 21 days prior to the Final Approval Hearing.

## Objections and Appearances at the Final Approval Hearing

17.    Any member of the Settlement Class may appear at the Final Approval Hearing and offer cause why the proposed Settlement should or should not be approved as fair, reasonable, and adequate, or why judgment should or should not be entered, or to comment on or oppose Class Counsel's application for attorneys' fees, costs, and expenses, or to Plaintiffs' application for service awards. No person shall be heard or entitled to contest the approval of the Settlement, or if approved, the judgment to be entered approving the Settlement, or of Class Counsel's application for an award of attorneys' fees, costs, and expenses and for service awards, unless that person submitted a timely objection to the Settlement Administrator by 60 days after the Notice Date, and by following the procedures set forth in the Settlement Agreement. Any Settlement Class Member who does not make their objection in the time and manner provided for in the Settlement Agreement shall be deemed to have waived such

objection and shall forever be barred from making any objection to the fairness, reasonableness, or adequacy of the proposed Settlement, and to Class Counsel's application for an award of attorneys' fees, costs, and expenses and for service awards. Attendance at the Final Approval Hearing is not necessary, but persons wishing to be heard orally in connection with approval of the Settlement and/or the application for an award of attorneys' fees, costs, and expenses and for service awards must indicate in their written objection their intention to appear at the hearing. By objecting, or otherwise requesting to be heard at the Final Approval Hearing, a Settlement Class Member shall be deemed to have submitted to the jurisdiction of the Court with respect to the objection or request to be heard and the subject matter of the Settlement, including but not limited to enforcement of its terms.

18.     To be considered by the Court, an objection must be stated in detail and must specify the particular aspect(s) of the Settlement being challenged; the reason(s), if any, for the objection, including any evidence and legal authority that the Settlement Class Member wishes to bring to the Court's attention; and whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class. Additionally, to be considered by the Court, an objection must clearly identify the case name and number, and contain

(i) the objecting Settlement Class Member's printed name, address, telephone number, and email address; (ii) evidence that the objector is a Settlement Class Member, including the address of the dwelling or business location that contains or contained a Covered Model and documentary proof that the objector purchased a Covered Model; (iii) any other supporting papers, materials, or briefs that the Settlement Class Member wishes the Court to consider when reviewing the objection; (iv) the actual written signature of the Settlement Class Member making the objection; and (v) a statement whether the objecting Settlement Class Member and/or his or her counsel intend to appear at the Final Approval Hearing. An objector who wishes to present evidence at the Final Approval Hearing must include in their written objection the identity of any witness(es) they may call to testify and copies of any exhibit(s) they intend to offer at the hearing. All attorneys representing any objector in any capacity must file a notice of appearance with the Court by the Objection and Opt Out Deadline. If a Settlement Class Member or counsel for the Settlement Class Member has objected to a class action settlement on any prior occasion, the objection shall also disclose all cases in which they have filed an objection by caption, court and case number, and for each case, the disposition of the objection.

**Exclusion from the Settlement Class**

13

19.     Any requests for exclusion are due no later than 60 days after the

Notice Date. Any person who would otherwise be a member of the Settlement

Class who wishes to be excluded from the Settlement Class must mail the

Settlement Administrator a written request to opt out, postmarked by the

Objection and Opt-Out Deadline and containing the Settlement Class Member's

printed name, actual written signature, address, telephone number, and email

address.

20.     All persons who submit valid and timely notifications of exclusion

shall have no rights under the Settlement Agreement, shall not share in the relief

provided by the Settlement, and shall not be bound by the Settlement Agreement

or any Orders or final judgment of the Court in this Litigation.

21.     Any member of the Settlement Class who does not notify the

Settlement Administrator of their intent to be excluded from the Settlement Class

in the manner set forth in the Settlement Agreement shall be deemed to have

waived their right to be excluded from the Settlement Class. If the Court approves

the Settlement, any such person shall forever be barred from requesting exclusion

from the Settlement Class in this or any other proceeding, and shall be bound by

the Settlement and the judgment, including the release of the Released Claims

provided for in the Settlement Agreement, and the Final Approval Order and

14

Judgment.

## Termination of the Settlement

22.     If the Settlement fails to become effective in accordance with its

terms, or if the Final Approval Order and Judgment is not entered or is reversed or

vacated on appeal, this Order shall be null and void, the Settlement Agreement

shall be deemed terminated, and the Parties shall return to their positions without

any prejudice, as provided for in the Settlement Agreement.

## Limited Use of This Order

23.     The fact and terms of this Order or the Settlement, all negotiations,

discussions, drafts, and proceedings in connection with this Order or the

Settlement, and any act performed or document signed in connection with this

Order or the Settlement, shall not, in this or any other Court, administrative

agency, arbitration forum, or other tribunal, constitute an admission, or evidence,

or be deemed to create any inference (i) of any acts of wrongdoing or lack of

wrongdoing, (ii) of any liability on the part of Defendant to Plaintiffs, the

Settlement Class, or anyone else, (iii) of any deficiency of any claim or defense

that has been or could have been asserted in this Litigation, (iv) of any damages or

absence of damages suffered by Plaintiffs, the Settlement Class, or anyone else, or

(v) that any benefits obtained by the Settlement Class under the Settlement

15

represent the amount that could or would have been recovered from Defendant in this Litigation were it not settled at this time. The fact and terms of this Order or the Settlement, and all negotiations, discussions, drafts, and proceedings associated with this Order or the Settlement, including the judgment and the release of the Released Claims provided for in the Settlement Agreement, shall not be offered or received in evidence or used for any other purpose in this or any other proceeding in any court, administrative agency, arbitration forum, or other tribunal, except as necessary to enforce the terms of this Order, the Final Approval Order and Judgment, and/or the Settlement.

## Reservation of Jurisdiction

24. The Court retains exclusive jurisdiction over the Litigation to consider all further matters arising out of or connected with the Settlement.

25. Pending further order of the Court, all litigation activity and events, except those contemplated by this Order or in the Settlement Agreement, are hereby STAYED, and all hearings, deadlines, and other proceedings in the Litigation, except the Final Approval Hearing and the matters set forth in this Order, are VACATED.

**IT IS SO ORDERED.**

Dated: _____, 2020

_____
Hon. Madeline Cox Arleo
United States District Judge

# EXHIBIT 7

to the Settlement Agreement

(Proposed Final Approval Order)

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MICHAEL BENTLEY, *et al.,* , on behalf of themselves and all others similarly situated,<br><br>　　　　Plaintiffs,<br>　v.<br><br>LG ELECTRONICS U.S.A., INC.<br><br>　　　　Defendant. | Case No. 2:19-cv-13554-MCA-MAH (consolidated with Case Nos. 2:19-cv-15185-MCA-MAH, 2:19-cv-15826-MCA-MAH, and 2:20-cv-07652-MCA-MAH)<br><br>**[PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT** |

This matter came before the Court for hearing pursuant to the Order Granting Plaintiffs' Motion for Preliminary Approval of Class Action Settlement and Providing for Notice, dated _____ ("Preliminary Approval Order"), on the motion of Plaintiffs Terry Driscoll, Cheryl Ervin, Leah Scala Israel, Sarah Johnson, Sam Lee, Patrick Romano, Carlos Stocco, Diane Terry, and Michael Burrage ("Plaintiffs") for approval of the proposed class action settlement with Defendant LG Electronics America, Inc. ("LG" or "Defendant") to resolve this Litigation. The Litigation includes this action and *Sosenko et al. v. LG Electronics U.S.A., Inc.*, No. 8-19-cv-00610-JLS (ADSx) (C.D. Cal.), which has been transferred to this Court under 28 U.S.C. § 1404 for the purpose of considering and, if appropriate, effectuating the proposed Settlement of the Litigation.

Due and adequate notice having been given of the Settlement as required by

1

the Preliminary Approval Order, the Court having considered all papers filed and proceedings conducted herein, and good cause appearing therefor, it is hereby ORDERED, ADJUDGED and DECREED as follows:

1.    This Final Order and Judgment incorporates by reference the definitions in the Parties' Settlement Agreement (the "Settlement"), and all defined terms used herein have the same meanings ascribed to them in the Agreement.

2.    This Court has jurisdiction over the subject matter of the Action and over all Parties thereto, and venue is proper in this Court.

3.    The Court reaffirms and makes final its provisional findings, rendered in the Preliminary Approval Order, that, for purposes of the Settlement, all prerequisites for maintenance of a class action set forth in Federal Rules of Civil Procedure 23(a) and (b)(3) are satisfied. The Court hereby makes final its appointments of Class Counsel and the Class Representatives and certifies the following Settlement Class:

> All Persons in the United States who purchased from an authorized retailer, other than for resale, a Covered Model[1] of LG Refrigerator produced between January 1, 2014 and December 31, 2017.
>
> Persons who previously executed a release of claims in favor

---

[1] A list of Covered Models is annexed to the Settlement Agreement as Exhibit 5.

2

of LG with respect to the Released Claims are excluded from the Settlement Class.

4.      Pursuant to Federal Rule of Civil Procedure 23(e), the Court grants final approval of the Settlement and finds that it is, in all respects, fair, reasonable, and adequate and in the best interests of the Settlement Class.

5.      The Court finds that notice of this Settlement was given to Settlement Class Members in accordance with the Preliminary Approval Order and constituted the best notice practicable of the proceedings and matters set forth therein, including the Litigation, the Settlement, and the Settlement Class Members' rights to object to the Settlement or opt out of the Settlement Class, to all Persons entitled to such notice, and that this notice satisfied the requirements of Federal Rule of Civil Procedure 23 and of due process. The Court further finds that the notification requirements of the Class Action Fairness Act, 28 U.S.C. § 1715, have been met.

6.      The Court therefore directs the Parties and the Settlement Administrator to implement the Settlement according to its terms and conditions.

7.      Upon the Effective Date, all Settlement Class Members, on behalf of themselves and their agents, heirs, executors and administrators, successors, assigns, insurers, attorneys, representatives, and any and all Persons who seek to claim through or in the name or right of any of them (the "Releasing Parties"),

3

shall be deemed to have released and forever discharged, upon good and sufficient consideration, LG, its administrators, insurers, reinsurers, agents, firms, parent companies/corporations, sister companies/corporations, subsidiaries and affiliates, including any sales agents and affiliated distributors and technicians, and all of the foregoing Persons' respective predecessors, successors, assigns and present and former officers, directors, shareholders, employees, agents, attorneys, and representatives (collectively, the "Released Parties"), from each and every claim of liability, on any legal or equitable ground whatsoever, including relief under federal law or the laws of any state, asserted or unasserted, known or unknown, arising out of or related to the Litigation or the subject matter of the Litigation, and which were or could have been asserted in the Litigation, including, without limitation, all past and present claims, damages, or liability on any legal or equitable ground whatsoever ("Released Claims"). Accordingly, upon the Effective Date, Plaintiffs and all other Settlement Class Members and those subject to their control are hereby permanently enjoined from commencing, maintaining, or participating in, or permitting another to commence, maintain, or participate in on their behalf, any Released Claim against a Released Party. This Release is as a result of the Settlement Class Members' membership in the Settlement Class and status as Releasing Parties, the Court's approval process, and

4

the occurrence of the Effective Date and is not conditioned on receipt of payment by any particular Settlement Class Member or Releasing Party. All personal injury claims are expressly excluded from this Release.

8.     The Persons identified in Exhibit 1 hereto requested exclusion from the Settlement Class as of the Objection and Opt-Out Deadline. These Persons shall not share in the benefits of the Settlement, and this Final Approval Order and Judgment does not affect their legal rights to pursue any claims they may have against LG. All other members of the Settlement Class are hereinafter barred and permanently enjoined from prosecuting any Released Claims against LG in any court, administrative agency, arbitral forum, or other tribunal.

9.     Neither the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Settlement, is or may be deemed to be or may be used as an admission of, or evidence of, (a) the validity of any Released Claim, (b) any wrongdoing or liability of Defendant or any other Released Party, or (c) any fault or omission of Defendant or any other Released Party in any proceeding in any court, administrative agency, arbitral forum, or other tribunal.

10.     Neither Class Counsel's application for attorneys' fees, reimbursement of litigation expenses, and service awards for Plaintiffs, nor any order entered by this Court thereon, shall in any way disturb or affect this

5

Judgment, and all such matters shall be treated as separate from this Judgment.

11.    Without affecting the finality of this Judgment, this Court reserves exclusive jurisdiction over all matters related to the administration, consummation, enforcement, and interpretation of the Settlement and/or this Final Approval Order and Judgment, including any orders necessary to effectuate the final approval of the Settlement and its implementation. If any Party fails to fulfill its obligations under the Settlement, the Court retains authority to vacate the provisions of this Judgment releasing, relinquishing, discharging, barring and enjoining the prosecution of, the Released Claims against the Released Parties and to reinstate the Released Claims.

12.    If the Settlement does not become effective, this Judgment shall be rendered null and void to the extent provided by and in accordance with the Settlement and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement.

13.    The Litigation is hereby dismissed, with prejudice.

**IT IS SO ORDERED.**

Dated: _____, 2020          _____
                                  Hon. Madeline Cox Arleo
                                  United States District Judge