IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL BENTLEY, *et al.*, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>LG ELECTRONICS U.S.A., INC.<br><br>Defendant. | Case No. 2:19-cv-13554-MCA-MAH (consolidated with Case Nos. 2:19-cv-15185-MCA-MAH, 2:19-cv-15826-MCA-MAH, and 2:20-cv-07652-MCA-MAH)<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS** |

**THIS MATTER** having come before the Court on Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards filed on October 23, 2020; and

The Court having reviewed Plaintiffs' moving papers, including Plaintiffs' brief and supporting declarations, as well as the case file; and

Good cause having been shown, for the reasons expressed herein and as further set forth in the Court's Final Approval Order approving the parties' Settlement Agreement;

**IT IS ON THIS 18th DAY OF December, 2020, HEREBY ORDERED, ADJUDGED AND DECREED:**

1. Terms capitalized in this Order have the same meanings as those used in the Settlement Agreement.

2. The Notice Plan adequately and reasonably afforded Settlement Class Members the opportunity to respond to Plaintiffs' Motion for Attorneys' Fees,

Expenses, and Service Awards. The Court has considered and rejected any objections timely and properly submitted.

3. The Settlement confers substantial benefits on the Settlement Class Members.

4. Plaintiffs have submitted three Declarations of counsel in connection with Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards that adequately document Class Counsel's vigorous and effective pursuit of the claims of Plaintiffs and the Settlement Class before this Court and in *Sosenko v. LG Electronics U.S.A., Inc.*, No. 8-19-cv-00610-JLS-ADS (C.D. Cal.) ("*Sosenko*"), which was consolidated with the present action ("*Bentley*") for the purposes of settlement. ECF 57, 58, 59. Class Counsel's efforts include, among other things: (i) a thorough investigation of all potential claims against Defendant, which continued throughout the prosecution of the cases, and included, without limitation, communicating with hundreds of potential and actual Settlement Class Members; (ii) researching and drafting pleadings in *Sosenko*, which withstood Defendant's motion to dismiss in substantial part, and in *Bentley*, which Defendant answered without moving to dismiss; (iii) obtaining, reviewing, and analyzing over 28,000 pages of documents produced by LG and non-parties pertaining to, *inter alia*, failure analysis, failure rates, testing of the LG Refrigerators, customer service procedures, marketing materials, and sales data; (iv) participating in depositions of

LG's Rule 30(b)(6) corporate designee and a former employee; (v) working with multiple expert witnesses who collectively reviewed and analyzed sales, service, and pricing data applicable to, according to LG, approximately 1.55 million LG Refrigerators; performed research and testing to prepare a damages model for class certification; and disassembled, examined, and tested multiple LG Refrigerators and linear compressors to gain an understanding of the alleged defect and possible causes; (vi) preparing briefing and supporting declarations in support of the *Sosenko* Plaintiffs' motion for class certification which would have been filed if the parties did not reach agreement on settlement terms; (vii) appearing before this Court and the *Sosenko* court, in person and by telephone, for status conferences and two discovery motions; (viii) participating in two in-person mediation sessions and one virtual mediation session with the Hon. Jay Gandhi (Ret.) of JAMS in California; (ix) participating in numerous additional meetings over twelve months, including three in-person meetings and other efforts that led to the Settlement; and (x) engaging in arm's-length negotiations with Defendant regarding the terms set forth in the Settlement Agreement.

    5.    The Court finds the attorneys' fees of $5.5 million ("Base Fee") plus one-third of the amount claimed by Settlement Class Members, excluding the first 16,500 Claims ("Additional Fee"), are fair and reasonable and within the range of attorneys' fees ordinarily awarded in this District and in the Third Circuit Court of

Appeals under the lodestar method and the percentage-of-recovery method. The Court, therefore, grants attorneys' fees in the amount of $5.5 million as the Base Fee plus one-third of the amount claimed by Settlement Class Members, excluding the first 16,500 Claims ("Additional Fee"). LG shall pay the attorneys' fees (*i.e.*, the Base Fee plus the Additional Fee), in the time and manner specified in the Settlement Agreement, as amended. Specifically, the Base Fee shall be paid within the time specified in the Settlement Agreement (Dkt. 49-3), as amended, upon entry of this Order. The Additional Fee, if any, shall be paid within the time specified in the Settlement Agreement, as amended, once the Settlement Administrator has determined the amount claimed (excluding the first 16,500 claims).

6.  The Court also Orders that LG reimburse the reasonable, actually incurred costs and expenses of Girard Sharp LLP ("Girard Sharp"), Berger Montague PC ("Berger Montague"), and Chimicles Schwartz Kriner & Donaldson-Smith LLP ("CSK&D"), that were submitted in connection with Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards filed on October 23, 2020, in the amount of $306,847.64, and Plaintiffs' Motion for Final Approval filed on November 24, 2020, in the amount of $39,413.26, for a total of $346,260.90. Plaintiffs reserve their right to apply for reimbursement of additional expenses, subject to the $375,000 limitation in the Settlement Agreement, and LG reserves

its position as to any further application for reimbursement of expenses. The Court finds that the expenses reported to the Court to date were necessary, reasonable, and proper in the pursuit of this Litigation.

7. The Court further finds that Plaintiffs Terry Driscoll, Cheryl Ervin, Leah Scala Israel, Sarah Johnson, Sam Lee, Patrick Romano, Carlos Stocco, Diane Terry, and Michael Burrage devoted substantial time and energy to their duties, including collecting and producing relevant documents in preparation for discovery and providing additional necessary information to aid Class Counsel in investigation, litigation, and settlement. The Court therefore grants service awards of $2,000.00 each to Terry Driscoll, Cheryl Ervin, Leah Scala Israel, Sarah Johnson, Sam Lee, Patrick Romano, Carlos Stocco, Diane Terry, and Michael Burrage for their contributions in this case. The service awards shall be paid within the time specified in the Settlement Agreement, as amended.

**IT IS SO ORDERED.**

_____
Hon. Madeline Cox Arleo
United States District Judge